## KING et al. v. UNITED STATES.

### (Circuit Court of Appeals, Fifth Circuit. March 21, 1922.)

### No. 3771.

1. **False personation ⊂⇒4—Indictment alleging defendants did "pretend" to be officers sufficiently charges falsity of pretense.**

An indictment charging that defendants did assume and pretend to be United States revenue officers sufficiently charges that they falsely assumed or pretended to be officers, within Criminal Code, § 32 (Comp. St. § 10196), since the word "pretend," in the connection in which it was used, implied the putting forward of a false appearance of being officers, the simulating or feigning to be officers.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Pretend.]

2. **Criminal law ⊂⇒1032(3)—Objection to prosecutor's signature on an indictment cannot be first raised on error.**

The objection that the indictment was signed by a special assistant to the United States attorney, and that the statute authorized no such officer, cannot be first· raised on writ of error after conviction, where the record shows the grand jurors duly presented the indictment as a true bill, and that the defendants, on being arraigned, pleaded not guilty, and the trial was conducted on behalf of the government by an assistant United States attorney.

3. **Criminal law ⊂⇒1186(3)—Erroneous designation of prosecuting attorney on indictment does not invalidate.**

If the designation of an officer who signed the indictment as a special assistant to the United States attorney constituted a defect in the indictment, it was such a one as by Rev. St. § 1025 (Comp. St. § 1691), is made insufficient to affect the indictment or the judgment of conviction based thereon.

4. **Criminal law ⊂⇒396(1)—Defendant cannot object to oral evidence of documents concerning which they testified.**

Where the defendants introduced testimony as to the contents and signing of a bill of sale which the witnesses stated was filed with the United States commissioner, they cannot object to testimony on behalf of the government with regard to that bill of sale, on the ground that the bill itself was the best evidence.

In Error to the District Court of the United States for the Southern District of Florida; William I. Grubb, Judge.

Frank King and Will Carter were convicted of unlawfully transporting intoxicating liquors, and of pretending to be United States revenue officers, and they bring error. Affirmed.

H. H. Eyles, of Miami, Fla., for plaintiffs in error.

Maynard Ramsey, Asst. U. S. Atty., of Jacksonville, Fla.

Before WALKER, BRYAN, and KING, Circuit Judges.

WALKER, Circuit Judge. The plaintiffs in error (herein referred to as the defendants) were convicted on two indictments after the cases were consolidated.

[1] One of the indictments charged them and another person with unlawfully and knowingly transporting intoxicating liquors. The other indictment charged that the same three persons, at a stated time and place, "did unlawfully and feloniously, and with intent to defraud

⊂⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Fred M. Walton, John H. Gregory, and Nathan Pierce, assume and pretend to be officers of the United States, to wit, United States revenue officers, and  *  * .  *   did then and there in such pretended character as aforesaid take upon themselves to act as such United States revenue officers, and did then and there in such pretended character place the said Fred M. Walton, John H. Gregory, and Nathan Pierce under arrest," etc.

The sufficiency of the last-mentioned indictment is questioned on the ground that it failed to allege that the defendants did falsely assume and pretend, etc. The language of section 32 of the Criminal Code (Comp. St. § 10196) is:

"Whoever, with intent to defraud either the United States or any person, shall falsely assume or pretend to be an officer," etc.

· The word "pretend," in the connection in which it was used in the indictment, implied the putting forward of a false appearance of being officers—the simulating or feigning to be officers. We are of opinion that the indictment sufficiently alleged conduct which is punishable under the statute.

[2] In this court for the first time the indictments were brought into question on the ground that they were signed by "Damon G. Yerkes, Special Assistant to the United States Attorney." It was suggested in argument that no statute provides for such an officer as "special assistant to the United States attorney." The record shows that at a regular term of the District Court the grand jurors of the United States for the Southern District of Florida, duly impaneled, sworn, and charged to inquire within and for that district, presented the bills of indictment, each of which was indorsed "A true bill," with the signature of the foreman immediately thereunder; that the defendants, being arraigned in open court upon said indictments, each for himself pleaded not guilty; and that in the trial a named Assistant United States attorney prosecuted for the United States. The objection, if tenable at all, was waived, because not seasonably taken.

[3] Furthermore, if the signing of the indictments in the manner stated constituted a defect or imperfection, it was such a one as by statute (R. S. § 1025 [Comp. St. § 1691]) is made insufficient to affect the indictments or the judgments of conviction based thereon. Powers v. United States, 223 U. S. 303, 32 Sup. Ct. 281, 56 L. Ed. 448; Caha v. United States, 151 U. S. 211, 221, 14 Sup. Ct. 513, 38 L. Ed. 415.

[4] The defendants introduced evidence tending to prove that they were at places other than the scene of the crime at the time the evidence for the prosecution tended to prove it was committed. That evidence included testimony as to the signing and contents of a bill of sale, which witnesses stated was filed with the United States commissioner at the time the examining trial of the defendants was held. The defendants adduced that testimony, without producing the bill of sale, or asking that it be produced. A witness for the prosecution, who was examined in rebuttal, was permitted to testify in regard to that bill of sale, over an objection on the ground that that instrument was the best evidence, was in the hands and under the control of government.

officials, and was not produced. It was not error to overrule the objection, as the evidence called for was as to a purely collateral matter, in regard to which the defendants had adduced testimony, without calling for the production of the instrument testified about.

The record does not show any reversible error. The judgment is affirmed.