**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Alfred Joseph KEIG, Sr., Defendant-**
**Appellant.**

**No. 14417.**

United States Court of Appeals
Seventh Circuit.

June 16, 1964.

Rehearing Denied Aug. 14, 1964.

824

Anna R. Lavin, Chicago, Ill., for appellant.

Edward V. Hanrahan, U. S. Atty., John Peter Lulinski, Asst. U. S. Atty., Chicago, Ill., for appellee; John Powers. Crowley, Asst. U. S. Atty., of counsel.

Before SCHNACKENBERG, CASTLE and KILEY, Circuit Judges.

SCHNACKENBERG, Circuit Judge.

Alfred Joseph Keig, Sr., defendant, has appealed from his conviction and sentence, entered September 27, 1963 upon a judgment of the district court, based upon a five count indictment, charging knowing and willful failure to make income tax returns to the District Director of Internal Revenue for the years 1954 through 1958, in violation of 26 U.S.C.A. § 7203. He was fined $1,000 on each count and put on probation for a period of three years. A condition of the probation is that he file his income tax returns. for the years in the probationary period. He is at liberty on bail.

On defendant's prior appeal, 7 Cir., 320 F.2d 634 (1963), we remanded the cause. to the district court with directions to. hold an inquiry, pursuant to the Jencks. act and our opinion, and to supplement the record with new findings. We directed that, if the district court should conclude that the government should have

been required to deliver any additional statement or report to defendant's counsel for examination, it should vacate the judgment of conviction and accord defendant a new trial. Campbell v. United States, 365 U.S. 85, 99, 81 S.Ct. 421, 5 L. Ed.2d 428 (1961). We further directed that, if, upon hearing on remand and the making of such new findings, the district court concluded that the government was not required to deliver any additional statement or report to defendant's counsel for examination, the court should enter a new final judgment based upon the record as supplemented by its new findings, thereby preserving to defendant the right to appeal to this court. Killian v. United States, 368 U.S. 231, 244, 82 S.Ct. 302, 7 L.Ed.2d 256 (1961).

1. On this appeal, defendant contends that the district court erred in finding that a report of special agent Carmen J. Marici, a government witness, written on May 23, 1960, was not a "statement" under 18 U.S.C.A. § 3500. He further contends that he was prejudiced by the nonproduction thereof "for purposes of cross-examination".

On the other hand, the government argues that the document dated May 23, 1960 was a recommendation for prosecution and that, while it contained references to two interviews with defendant, the memoranda of those interviews, which occurred on March 23 and 30, 1960, had been made available to the defense, even though Marici had testified as to only the March 23 interview and not about the March 30 interview.

We have considered both the direct and cross-examination of Marici. We have had the opportunity of inspecting the memoranda relating to the March 23 and March 30 interviews, as well as the May 23, 1960 document. We are therefore able to and do confirm the correctness of the findings on remand, especially in regard to the report of May 23, 1960. According to these findings, there are brief references to the interviews of March 23 and March 30 in the May 23 report, which was apparently prepared in part by reference to and direct quotation from the earlier memoranda, which actually contained additional information not included in the May 23 report.

■ We agree with the finding of the district court that the May 23, 1960 document is not a statement as defined by § 3500.

We therefore hold that there was no error committed in the failure of the trial court to turn over that report to the defense.

2. In proceeding to dispose of this appeal, we now consider the contention personally briefed by defendant.[1] That is: "the Income Tax Laws, including Section 7201[2] * * * considered as a whole is [sic] unconstitutional on its face in the light of the fact that ordinary individuals cannot meet the requirement of making an honest return; in view of the fact that it is so discriminatory as to denounce it * * * that moneys derived by it are used for unconstitutional purposes; and * * * that it is being used to violate the establishment of a religion clause of the First Amendment".

■■ In the course of his argument he makes the point that one thing about the income tax law is certain and that is that it is incomprehensible. In arguing on the question of unconstitutionality, defendant personally appeared before the

1. His brief admits that he did not file any income tax returns for the relevant taxable years; in fact, that except for the year 1938, he never filed such a return. This course of conduct was based upon his belief that the internal revenue laws and regulations cannot intelligently be complied with and because of the other reasons assigned by him in support of his argument of unconstitutionality of the law.

All of these views he expressed to treasury officials before testifying in this case.

2. 26 U.S.C.A. § 7201 provides:
"Any person who willfully attempts in any manner to evade or defeat any tax imposed by this title or the payment thereof shall, in addition to other penalties provided by law, be guilty of a felony * * *."

bar of this court. His zealous and militant attack upon the constitutionality of the income tax laws left no doubt in anyone's mind that he considers that he has a right to refuse to obey the law in this respect. Weighing the legal basis for his charges of invalidity under the first and fifth amendments, we are unable to agree with him. He states, "No one reading this Brief can doubt the integrity with which it is written." However, we doubt whether he is realistic in taking the position that he has a right to refuse to contribute to the support of the federal government until such time as a taxing system, palatable and constitutional according to his lights, has been created.

Directly meeting his contention that the income tax law is unconstitutional, we quote the language of the court of appeals for the sixth circuit in a 1958 decision, where a similar attack was made upon the internal revenue code of 1939. In Acker v. Commissioner of Internal Revenue, 6 Cir., 258 F.2d 568, at 575 that court said:

"The 1939 Code is unquestionably a taxing statute in substance as well as in name. The constitutionality of progressive tax rates is long settled. [Knowlton v. Moore, 1900, 178 U.S. 41, 20 S.Ct. 747, 44 L. Ed. 969; Brushaber v. Union Pacific R. Co., supra, 240 U.S. 1, 36 S.Ct. 236, 60 L.Ed. 493.] The classifications drawn in question here do not appear to be either arbitrary or unreasonable in any constitutional sense. To the contrary, in large part they represent 'the record of the government's endeavor to keep pace with the fertility of invention whereby taxpayers had contrived to keep the larger benefits of ownership and be relieved of the attendant burdens.' [Burnet v. Wells, 1933, 289 U.S. 670, 676, 53 S.Ct. 761, 763, 77 L. Ed. 1439.]

"Nor can we say that the rates of tax, admittedly high, have reached confiscation or a 'taking' in the constitutional sense. All in all, much as we may as men sympathize with petitioner's arguments about our tax plight, as judges we must say that he has addressed them to the wrong forum; they are for the Congress, and not for the courts."

It has been held that, even if a taxpayer believes that by filing his income tax return he may incriminate himself in violation of the provisions of the fifth amendment to the constitution of the United States, he still must file a return. United States v. Sullivan, 274 U.S. 259, 47 S.Ct. 607, 71 L.Ed. 1037 (1927).

We find that defendant has not sustained his charges of unconstitutionality.

It may well be that he is entirely within his right of expression in his concluding statement in his brief, which is "The current Income Tax Laws ought to be denounced". His brief in this court is a mighty long step in that direction. But no court is a forum for defendant's denunciation of the tax laws. If he seeks such a forum, it must be elsewhere, either in the halls of congress, on public platforms, or in the general media of communication.

In the brief filed by defendant's counsel in this court prior to the order for remandment, several points are raised. We shall now discuss them *seriatim*.

■ 3. It is argued by defendant that the indictment upon which he was convicted is insufficient, because, in violation of rule 7(c) of the Rules of Criminal Procedure, it was not signed by the attorney for the government, and a motion to dismiss it on that account was timely filed. However the record contains an affidavit of assistant United States attorney John J. Quan, who was acting for and by designation of the United States attorney, which averred that he was delegated to sign the latter's name to indictments filed on behalf of the United States.

Defendant cites, as the source of authority to sign indictments, 28 U.S.C.A. § 507(a) and particularly § 507(b) which provides that the attorney general shall direct all assistant United States attor-

neys in the discharge of their respective duties.

In Wheatley v. United States, 4 Cir., 159 F.2d 599, 600 (1946), the court said:

"It is also urged that the indictment is defective because it was not signed by the United States Attorney for the Northern District of West Virginia. It was in fact signed by one of the assistant United States attorneys for the District who signed the name of the United States Attorney without indicating that it was not signed by that official himself. Rule 7(c) of the Federal Rules of Criminal Procedure provides that an indictment shall be signed by the attorney for the Government. It has been held that the signature of the prosecuting attorney is no part of the indictment and is necessary only as evidence of the authenticity of the document; and it has also been held that the improper signing of an indictment is not such a defect as would invalidate the instrument; In re Lane, 135 U.S. 443, 449, 10 S.Ct. 760, 34 L.Ed. 219; Miller v. United States, 6 Cir., 300 F. 529, 536, certiorari denied 266 U.S. 624, 45 S. Ct. 123, 69 L.Ed. 474; King v. United States, 5 Cir., 279 F. 103, 104; United States v. McAvoy, C.C. N.Y., 26 Fed.Cas. (No. 15,654) 1044, 1045. These rulings are in harmony with the statutory provision contained in 18 U.S.C.A. § 556 which provides that no indictment in a federal case shall be deemed insufficient, nor shall the judgment be affected by reason of any defect or imperfection in matter of form only which shall not tend to the prejudice of the defendant. * * * "

We agree with the reasoning in Wheatley and therefore hold that the indictment is sufficient as against the attack of defendant on the aforesaid ground.

■ Moreover, we think that, even if there were error here, it was harmless, within the meaning of 18 U.S.C.A. rule 52(a) which reads:

"Any error, defect, irregularity or variance which does not affect substantial rights shall be disregarded."

■ 4. Defendant further argues, presumably with seriousness, that the charges contained in five separate counts, covering five successive years for each of which defendant allegedly failed to file a return, means that the indictment fails because all should have been charged *in one count*. This argument is based upon an unreasonable construction of 26 U.S. C.A. § 7203, which reads:

"Any person * * * required * * * to make a return * * * who willfully fails to * * * make such return, * * * at the time or times required by law * * * shall, in addition to other penalties provided by law, be guilty of a misdemeanor and, upon conviction thereof, shall be fined not more than $10,- 000, or imprisoned * * *."

26 U.S.C.A. § 6012(a) requires every individual having for the taxable year a gross income of $600 or more to make a return. 26 U.S.C.A. § 6072(a) provides that such return, when made on the basis of the calendar year, shall be filed on or before the subsequent 15th day of April.

It is apparent that the indictment conforms with the applicable statutes. If defendant's contention were to prevail it would mean that he could require multiple misdemeanors to be treated as one for the purpose of sentencing. This contention is not well-taken.

■ 5. Strangely, defendant relies on United States v. Cirillo, 3 Cir., 251 F.2d 638, 639 (1957), cert. den. 356 U.S. 949, 78 S.Ct. 914, 2 L.Ed.2d 843, which actually seems to afford strong support for the judgment of the district court in the case at bar. Cirillo was a lawyer who was convicted of failing to file income tax returns. On appeal he raised the question of proof of criminal intent and the court held that, where the evidence showed that he had in two successive years received a substantial amount of taxable income from which no tax had been withheld and of which the govern-

ment was likely to be uninformed unless he filed a tax return, the jury was entitled to reason—

> " * * * that a member of the bar, in the nature of his profession, has some general understanding that the United States requires persons who earn substantial income to file periodic income tax returns. * * * "

Defendant cites Cirillo, evidently in support of his contention that "Only an intent motivated to the specific and that the government would not know the extent of the defendant's tax liability will support the charge." However, we prefer to be guided by the fact that the indictment in the case at bar charges a crime within the meaning of the statute and is therefore sufficient, as held in United States v. Ansani, 7 Cir., 240 F.2d 216, at 223 (1957), cert. den. sub. nom. Milner v. United States, 353 U.S. 936, 77 S.Ct. 813, 1 L.Ed.2d 759, where we said:

> " * * * The charge of the indictment in the instant case followed substantially the wording of the statute, which embodies all the elements of the crime and such charge clearly informed the defendants of that with which they were accused, so as to enable them to prepare their defense and to plead the judgment in bar of any subsequent prosecution for the same cause. Under these circumstances defendants' contention must fail. * * * "

The indictment is not vulnerable for the reason urged by defendant.

■ 6. Defendant insists that the government failed to prove that he received sufficient income in the taxable years to require his filing returns. Many witnesses testified as to payments of money to him. Some was compensation in the form of fees and some was for reimbursement for various expenses incurred. We have examined in detail the evidence bearing upon this phase of the case. It shows that in each taxable year defendant was the recipient of income in

sufficient amount to require his filing a return.

■ 7. As numerous government witnesses, who testified on the subject of payment of money to defendant in the taxable years, were cross-examined by his counsel, they were systematically asked whether or not they had appeared before the grand jury and they answered in the negative. However, on direct examination, government witness special agent Marici testified that he did appear before the grand jury and testify as to the facts revealed in his investigation.

It is now urged that the district court erred in sustaining an objection of the government to this question asked Marici: "Did you testify that the income of Mr. Keig was as stated in the indictment in this cause?" The defense pointed out that it could not show a disparity of testimony until it was determined what the witness had testified before the grand jury.

It is argued that this constituted a limitation on exploration which foreclosed the possibility of conclusively showing that no evidence had been offered to rationally establish the facts [before the grand jury] in accordance with Costello v. United States, 350 U.S. 359, 76 S.Ct. 406, 100 L.Ed. 397. Reliance is also placed upon the same case in the second circuit, 221 F.2d 668, 677 (1955).

It is contended by the government, however, that the decision in Costello when it reached the United States Supreme Court, 350 U.S. 359, 363, 76 S.Ct. 406, supports the action of the district court in this matter.

The government points out that Marici testified in the district court that he began an investigation of the taxpayer in March of 1958 and in June of 1958 caused a search to be made of the Internal Revenue records for the returns of the defendant. He also testified that the defendant admitted to him that he didn't file income tax returns and that he (Marici) testified before the March 1961 grand jury as to the facts revealed in his investigation.

In Costello, the Supreme Court stated, 350 U.S. at 363, 76 S.Ct. at 408:

"* * * If indictments were to be held open to challenge on the ground that there was inadequate or incompetent evidence before the grand jury, the resulting delay would be great indeed. The result of such a rule would be that before trial on the merits a defendant could always insist on a kind of preliminary trial to determine the competency and adequacy of the evidence before the grand jury. This is not required by the Fifth Amendment. An indictment returned by a legally constituted and unbiased grand jury, like an information drawn by the prosecutor, if valid on its face, is enough to call for trial of the charge on the merits. * * *"

We hold that the district court did not err in sustaining an objection to the questioning of Marici as aforesaid.

8. Defendant states that on the same cross-examination, inquiry was made of Marici as to whether he had signed an affidavit attached to an information relating to the facts involved in this cause and that the court sustained an objection to the question on the ground that it was irrelevant. We have referred to the page of the transcript of record as cited by defendant's brief and fail to find that such a question was asked of Marici. The only question on that page of the transcript relating to an information and its disposition follows:

"Q. Mr. Marici, there was an information filed prior to this indictment relative to this case, was there not?

"Mr. Becco: Objection.

"The Court: I don't see the relevance of that, Miss Lavin. Sustained."

At no place in his direct testimony did the witness Marici testify to the amounts of gross income received by defendant in the indictment years. We cannot say as a matter of law that the district court abused its discretion in ruling upon these objections. Our position has been well-stated by the late Judge Lindley of this court. United States v. Lawinski, 7 Cir., 195 F.2d 1, where he said, at 7:

"* * * It is for the presiding judge to exercise a wise discretion in determining whether, considering the examination in chief, it is fit and proper that the questions presented be permitted or excluded. Storm v. U. S., 94 U.S. 76, 24 L.Ed. 42. All the decisions agree that the latitude allowed should be great enough to subserve ends of justice; but once fixed by the trial court it can not be deemed erroneous except where it is clear that that discretion has been abused, even though the discretion is necessarily vague in extent. It is a 'sound, though undefined, judicial discretion, depending upon the circumstances of the particular case'. * * *

* * * * *

"Upon full consideration of this record, remembering that the trial court was bound to exercise a sound discretion, examining the questions to which objections were sustained, the testimony of the respective witnesses on direct examination, the latitude extended by the court, we are unable to say as a matter of law that the court abused its discretion in its limitation on the cross-examination of any of the witnesses. * * *"

9. Defendant's brief contends that the district court improperly interfered with and deprecated the defense, invading the province of the jury and preventing the making of a full and complete defense. We will not burden this opinion with a recital of a proceeding which was certainly not like a quiet brook on a sleepy summer afternoon, but which was obviously a tempestuous affair due to the forceful and unorthodox participation by defendant in the presentation of his defense. It does not affirmatively appear from the record how near to physical exhaustion the court itself came at times during the proceeding,

**830**

although it does appear from the record that defendant himself stated at different times that he was getting tired, or that he was tired, although he only once admitted that he was a little bit dull.

We are confident that the district court performed as well as it could have been expected to do under all of the unusual circumstances of this trial. Certainly nothing that it said or did in this respect is ground for reversal here.

10. Lastly, we find no error in the court's instructions on the words "knowingly" and "willfully", as used in the indictment. See Yarborough v. United States, 4 Cir., 230 F.2d 56 (1956), and Cirillo v. United States, supra; also United States v. Litman, 3 Cir., 246 F.2d 206 (1957).

For all of these reasons the judgment, conviction and sentence entered by the district court are affirmed.

Affirmed.