JACK C. BROOKS, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Brooks v. Commissioner
Docket No. 9926-78.
United States Tax Court
T.C. Memo 1980-206; 1980 Tax Ct. Memo LEXIS 379; 40 T.C.M. (CCH) 483; T.C.M. (RIA) 80206; June 18, 1980, Filed Jack C. Brooks, pro se. Judith M. Picken, for the respondent. NIMS
MEMORANDUM FINDINGS OF FACT AND OPINION NIMS, Judge: Respondent determined a deficiency in petitioner's income tax for 1976 in the amount of $1,226.00. The issue for determination is whether respondent correctly determined petitioner's taxable income for that year. FINDINGS OF FACT
Some of the facts have been stipulated. The stipulation and attached exhibits are incorporated herein by reference. Petitioner resided in Clinton, Illinois, at the time the petition in this case was filed. During 1976 petitioner worked for various employers. Those employers, the wages petitioner received and the federal income *380 tax held therefrom are listed as follows: Employer
Wages
Withholding
Culley Plumbing and Heating Co.
$ 760.80
$122.00
Ford, Bacon and Davis Const. Corp.
817.97
51.30
Northwest Mechanical Inc.
4,238.54
775.50
Huxtable/Hammond
218.82
14.10
Baldwin Associates-Clinton
630.56
106.96
General Energy Resources, Inc.
2,006.40
410.54
Bechtel Power Corporation
864.68
124.49
For the taxable year 1976, petitioner filed with the Internal Revenue Service Center at Kansas City, Missouri, Form 1040 and various attachements thereto. These attachments consisted of seven W-2 Forms reflecting income and withholding for 1976, a 44-page set of "fifth amendment" documents including a form letter to the Commissioner containing the texts of the Declaration of Independence and amendments to the Constitution, and other miscellaneous materials. On Form 1040 petitioner entered his name, address and amount of Federal income tax withheld. With the exception of three lines, petitioner entered the word "object" on each line of Form 1040. [1] Petitioner made no entry of filing status, reported no deductions or credits, and signed his name to said Form. *381 On May 26, 1978, respondent mailed to petitioner a notice of deficiency. The deficiency letter reflected a $1,226.00 deficiency in petitioner's income taxes. This deficiency was based on a single filing status for petitioner using the gross income reflected by the Forms W-2, reduced by the standard deduction and one exemption. OPINION
The issue for decision is whether respondent's determination of a deficiency in petitioner's income taxes should be sustained. Petitioner's main argument runs as follows: Property is not federally taxable; an individual's labor is personal property; an individual has the right to exchange his property (i.e. labor) for other property (money). Accordingly, petitioner concludes that his wages cannot constitutionally be taxable since he received money in exchange for something of equal value, i.e., his labor-"property." Petitioner refers to this as "The Basis Theory." Petitioner's argument is totally without merit and cannot reverse respondent's determination. It cannot be doubted after all these years since the ratification of the Sixteenth Amendment that any receipt of wages in exchange for services rendered is taxable income. Brushaber v. Union Pacific R.R.,240 U.S. 1 (1916); *382 Tyee Realty Co. v. Anderson,240 U.S. 115 (1916). "Income," under the 16th Amendment is "the gain derived from capital, from labor or from both combined." Eisner v. Macomber,252 U.S. 189, 207 (1920). There is also no doubt that sec. 61 [2] encompasses all realized accessions to wealth. Commissioner v. Glenshaw Glass Co.,348 U.S. 426 (1955). We reject as frivolous the argument that sec. 61(a)(1) does not withstand constitutional scrutiny. Petitioner has additionally raised various other constitutional arguments, including: that Federal Reserve Notes are not legal tender; and that his rights under the First, Second, Fourth, Fifth, Sixth, Seventh, Eighth, Ninth, Tenth, Thirteenth, Fourteenth and Sixteenth Amendments have been violated. Petitioner's legal tender argument has been categorically rejected by the courts. E.g., United States v. Wangrud,533 F.2d 495, 496 (9th Cir. 1976); Hatfield v. Commissioner,68 T.C. 895 (1977). Petitioner's other *383 constitutional objections are also, on their face, without merit. Such contentions have been repeatedly addressed and rejected in prior opinions of this and other courts. Wilkinson v. Commissioner,71 T.C. 633 (1979); Russell v. Commissioner,60 T.C. 942 (1973); United States v. Kreig,334 F.2d 823 (7th Cir. 1964); Acker v. Commissioner,258 F.2d 568 (6th Cir. 1958); Nash Miami Motors, Inc. v. Commissioner,358 F.2d 636 (5th Cir. 1966), cert. denied 385 U.S. 918. It would be redundant to reiterate the reasoning of those cases here. Petitioner has presented no evidence demonstrating that respondent's deficiency determination is erroneous. Petitioner has conceded that he received the wages reflected on the Forms W-2 attached to his Form 1040 totalling $9,537.77. In addition, petitioner does not challenge respondent's use of a single taxpayer filing status, the allowance of only one exemption and the use of the standard deduction. As petitioner has the burden of proving that respondent's determination is erroneous, Rule 142(a), Tax Court Rules of Practice and Procedure; Welch v. Helvering,290 U.S. 111 (1933), *384 the asserted deficiency must be sustained. Decision will be entered for the respondent.
Footnotes
1. On these three lines, line 23b (1976 estimated tax payment), line 28 (amount of overpayment to be credited to 1977 estimated tax) and line 35 (alimony received), petitioner entered the word "none."↩
2. All section references are to the Internal Revenue Code of 1954, as in effect during the year in issue, except as otherwise expressly indicated.↩