ARTHUR E. BOLAND, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Boland v. Commissioner
Docket No. 17629-81.
United States Tax Court
T.C. Memo 1983-689; 1983 Tax Ct. Memo LEXIS 99; 47 T.C.M. (CCH) 347; T.C.M. (RIA) 83689; November 21, 1983. *99 P did not appear at the trial. Held, the Commissioner's determination of the deficiencies and additions to tax under sec. 6651(a)(1), I.R.C. 1954, for delinquency, and under sec. 6653(a), I.R.C. 1954, for intentional disregard of rules and regulations, are sustained. Gary A. Benford, for the respondent. SIMPSON
MEMORANDUM FINDINGS OF FACT AND OPINION SIMPSON, Judge: In his notice of deficiency, the Commissioner determined the following deficiencies in and additions to the petitioner's Federal income taxes: *100 Addition to Tax
Sec. 6653(b)
Year
Deficiency
I.R.C. 1954 [1]
1976
$205.00
$102.50
1977
1,126.00
563.00
1978
1,068.00
534.00
1979
356.00
178.00
Subsequently, the Commissioner conceded that the petitioner was not liable for the additions to tax under section 6653(b) for fraud and alleged in an amended answer that the petitioner was liable for the following additions to tax: Year
Sec. 6651(a)(1)
Sec. 6653(a)
1976
$51.25
$10.25
1977
281.50
56.30
1978
267.00
53.40
1979
89.00
17.80
The issues remaining for decision are whether the petitioner is liable for the additions to tax under section 6651(a)(1) for delinquency and under section 6653(a) for negligence or intentional disregard of rules and regulations. FINDINGS OF FACT None of the facts have been stipulated, The petitioner, Arthur E. Boland, resided in Dallas, Tex., at the time the filed his petition in this case. This case was called from the calendar for the trial session of the Court in Dallas, Tex., on September 13, 1982. At such time, *101 the Commissioner announced that he was ready for trial. There was no appearance by or on behalf of the petitioner. Subsequently, both the trial clerk and the Commissioner's counsel contacted the petitioner and advised him that the case was set for recall on September 16, 1982. The petitioner was admonished that if he did not appear, the Court would consider entering a default judgment against him as to the deficiencies. On September 16, 1982, the case was recalled, and the petitioner again did not appear. At such time, the Commissioner moved that a default judgment be entered against the petitioner for the underlying deficiencies, and the Court granted such motion. Thereafter, the Commissioner requested and received permission from the Court to introduce evidence with respect to the petitioner's liability for the additions to tax under sections 6651(a) and 6653(a). The Commissioner introduced the testimony of Michael J. Gundel, the revenue agent who had conducted an examination of the petitioner's tax liabilities for 1976 through 1979. Mr. Gundel reviewed the administrative file with respect to the petitioner and identified four transcripts of account (Forms 4303) for 1976 *102 through 1979. After examining such forms, he testified that the petitioner had not filed any returns for 1976 through 1979 and stated that the transcript of account for 1975 indicated that the petitioner had filed returns for the years prior to 1976. Mr. Gundel also testified that the petitioner admitted to him during the audit that his failure to file returns for 1976 through 1979 was based solely upon his belief that the income tax laws were unconstitutional. Mr. Gundel stated that he had fully discussed the items of taxable income with the petitioner, that the petitioner had admitted receiving such items, and that the petitioner did not express any disagreement with his determinations or computations. [2]
OPINION The only issues remaining for decision are whether the petitioner is liable for the additions to tax under sections 6651(a)(1) and 6653(a). Section 6651(a)(1) provides for an addition *103 to tax when a return is not timely filed, unless the failure to do so is shown to be due to reasonable cause, and section 6653(a) provides for an addition to tax where an underpayment of tax is due to negligence or intentional disregard of rules and regulations. See Richardson v. Commissioner,72 T.C. 818 (1979). For the taxable years prior to 1976, the petitioner filed Federal income tax returns. However, from 1976 through 1979, he failed to file returns based solely upon his belief that the tax laws were unconstitutional. The income tax laws are constitutional. Brushaber v. Union Pac. R.R.,240 U.S. 1 (1916); Stanton v. Baltic Mining Co.,240 U.S. 103 (1916); Ginter v. Southern,611 F.2d 1226 (8th Cir. 1979); United States v. Keig,334 F.2d 823 (7th Cir. 1964); Cupp v. Commissioner,65 T.C. 68 (1975), affd. without published opinion 559 F.2d 1207 (3d Cir. 1977). Furthermore, it is well settled that taxpayers are required to file income tax returns in accordance with the provisions of the Internal Revenue Code. See sec. 6011; Automobile Club of Michigan v. Commissioner,353 U.S. 180 (1957); *104 Commissioner v. Lane-Wells Co.,321 U.S. 219 (1944); United States v. Edelson,604 F.2d 232 (3d Cir. 1979); United States v. Johnson,577 F.2d 1304 (5th Cir. 1978); Richardson v. Commissioner,supra.Since it is clear from the record that the petitioner had no "bona fide misunderstanding as to his liability for the tax, [or] as to his duty to make a return" ( United States v. Murdock,290 U.S. 389, 396 (1933), emphasis added), we are convinced that his failure to file returns was not due to reasonable cause. Similarly, we are convinced that the underpayments of tax for such years were due to the petitioner's intentional disregard of the rules and regulations with respect to the filing of returns. Accordingly, we sustain the Commissioner's determination of the additions to tax under sections 6651(a)(1) and 6653(a). [3]
*105 An appropriate order will be issued and decision will be entered for the respondent.
Footnotes
1. All statutory references are to the Internal Revenue Code of 1954 as in effect during the years in issue.↩
2. The petitioner did not appear and no hearsay objection was raised regarding Agent Gundel's testimony. However, we observe that evidence of the petitioner's admissions to Agent Gundel was not hearsay. Rule 801(d)(2), Federal Rules of Evidence.↩
3. At the trial, the Commissioner also moved that the Court deem admitted certain affirmative allegations in his original answer to support his determination that the petitioner was liable for the additions to tax under secs. 6651(a)(1) and 6653(a)↩. However, in view of the fact that the evidence presented was sufficient to establish the petitioner's liability for the additions to tax, we need not rule on such motion; nor do we need to decide whether the Commissioner bears the burden of proof with respect to such additions.