**Henry Duval GREGORY IV, Appellant,**

v.

**UNITED STATES of America,
Appellee.**

**No. 23510.**

United States Court of Appeals,
Ninth Circuit.

Feb. 9, 1970.

---

* Hon. William M. Byrne, Senior Judge, United States District Court, Central — District of California, sitting by designation.

Aubrey Grossman (argued), Lawrence Duga, of Grossman, Ackerman & Peters, San Francisco, Cal., for appellant.

Harvey Ziff (argued), Asst. U. S. Atty., Paul G. Sloan, Jerrold M. Ladar, Asst. U. S. Attys., Cecil F. Poole, U. S. Atty., San Francisco, Cal., for appellee.

Before BROWNING and DUNIWAY, Circuit Judges, and JAMESON *, District Judge:

PER CURIAM:

Appellant was convicted of wilfully and knowingly failing and neglecting "to perform a duty required of him" under the Military Training and Service Act of 1967 (50 App. U.S.C. § 462) in that he refused to submit to induction into the Armed Forces of the United States.

The facts essential to a determination of this appeal are these: Appellant twice returned to his local draft board at Roanoke, Virginia, his Notice of Classification, the second time partially burned. On November 3, 1967, he was declared delinquent "for failure to have your classification card in your possession." On November 20, 1967, he was ordered to report for induction at Roanoke on December 13, 1967. At appellant's request he was transferred to a local board in California and subsequently was ordered to report for induction on January 10, 1968. He reported at the induction center but refused to undergo any of the prescribed processing. Thereafter he was indicted for failure to submit to induction, tried by a jury, and convicted.

We conclude that reversal is required by Gutknecht v. United States, decided by the Supreme Court on January 19, 1970,[1] 396 U.S. 295, 90 S.Ct. 506, 24 L.Ed.2d 532. Under a similar factual situation the Court held that induction pursuant to the delinquency regulations adopted by Selective Service was not authorized by Congress. In Gutknecht, as here, the "delinquency" was used to accelerate induction rather than to change classification.[2] The Court said in part:

"The Director of Selective Service described the 'delinquency' regulations as designed 'to prevent, wherever possible, prosecutions for minor infraction of rules' during the selective service processing. We search the Act in vain for any clues that Congress desired the Act to have punitive sanctions apart from the criminal prosecutions specifically authorized. Nor do we read it as granting personal privileges which may be forfeited for transgressions which affront the local board. If federal or state laws are violated by registrants, they can be prosecuted. If induction is to be substituted for these prosecutions, a vast rewriting of the Act is needed." 90 S.Ct. at 511–512.

Reversed.

---

* Honorable William J. Jameson, United States Senior District Judge, Billings, Montana, sitting by designation.

1. This case was argued on April 17, 1969. Certiorari was granted in Gutknecht on April 28, 1969. Accordingly we awaited the decision of the Supreme Court in Gutknecht.

2. The same rule was followed in Breen v. United States, 396 U.S. 460, 90 S.Ct. 661, 24 L.Ed.2d 653, decided January 26, 1970, involving a reclassification as well as acceleration of induction, the Court holding that Breen was entitled to an order enjoining possible induction pursuant to an induction order based on a similar "delinquency".