**UNITED STATES of America, Appellee,**

v.

**Jeffrey Paul BROWNING, Appellant.**

**No. 25003.**

United States Court of Appeals, Ninth Circuit.

March 19, 1970.

James W. Stewart, San Jose, Cal., for appellant.

Paul G. Sloan, Asst. U. S. Atty., Cecil F. Poole, U. S. Atty., San Francisco, Cal., for appellee.

Before HAMLIN, DUNIWAY and CARTER, Circuit Judges.

JAMES M. CARTER, Circuit Judge:

We vacated the submission of this case to await the decisions of the United States Supreme Court in Gutknecht v. United States, (1/19/70) 396 U.S. 295, 90 S.Ct. 506, 24 L.Ed.2d 532 and Breen v. Selective Service Board (1/26/70) 396 U.S. 460, 90 S.Ct. 661, 24 L.Ed.2d 653. Those decisions require the reversal of Browning's conviction for refusing induction into the armed services, 50 U.S.C. App. § 462(a).

The combined effect of *Gutknecht* and *Breen* is to forbid the use of Selective Service delinquency regulations to accelerate the induction of a registrant. *Breen* involved the reclassification of a registrant from II–S to I–A. *Gutknecht* involved the promotion of a I–A registrant from the third priority to the first priority category of potential inductees.

Browning's II–S classification expired on October 31, 1967. On November 8, 1967 he returned his Registration Certificate and his Notice of Classification to his local board together with a letter refusing to accept any classifica-

tion. On November 15, 1967 the local board declared him delinquent and classified him I–A. A notice in Browning's file stated that the delinquency declaration had been made pursuant to Selective Service Director Hershey's Local Board Memorandum 85, a memorandum authorizing acceleration of induction for failure to obey certain Selective Service regulations. Browning was ordered to report for induction in the Board's next call of registrants. His conviction stemmed from his failure to obey that order.

The facts of the case make it clear that Browning's induction was accelerated because of his refusal to carry selective service documents. The conviction must be reversed.

In light of the disposition of the case, we need not consider other matters raised by Browning. The judgment is reversed.