**UNITED STATES of America,**
**Appellee,**

v.

**Samuel L. BROYLES, Appellant.**

**No. 24331.**

United States Court of Appeals, Ninth Circuit.

June 8, 1970.

the regulatory command (32 C.F.R. § 1642.13) and accelerated Broyles' induction. This, in turn, affected his substantial rights. United States v. Thomas, 422 F.2d 1327 (9th Cir. 1970); followed in United States v. Stow, 427 F.2d 891 (9th Cir. 1970).

Reversed.

Byron K. Meredith (argued) of Brown, Key & Meredith, Reno, Nev., Samuel L. Broyles, for appellant.

Robert S. Linnell (argued) U. S. Atty., John L. Thorndal, Asst. U. S. Atty., Las Vegas, Nev., for appellee.

Before HAMLEY, BROWNING and HUFSTEDLER, Circuit Judges.

PER CURIAM:

Samuel L. Broyles appeals from his conviction for refusing to submit to induction in violation of 50 U.S.C. App. § 462.

On April 15, 1968, Broyles submitted an application to his draft board to be classified as a conscientious objector. On July 29, 1968, while this application was pending, the draft board received a letter from him in which he criticized the Selective Service System and enclosed his registration certificate and classification card. On the following day, the state director determined Broyles to be "delinquent."

On August 8, 1968, a formal delinquency notice was sent to Broyles. On the same day his conscientious objector claim was rejected because he did " * * not evidence sincerity in religious training and belief." On September 16, 1968, he was ordered to report for induction.

■■ There is no statutory authority for a delinquency classification. Gutknecht v. United States, 396 U.S. 295, 90 S.Ct. 506, 24 L.Ed.2d 532 (1970). It must be assumed, absent a showing to the contrary, that the board followed