**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**William Lavere TOWNSEND,**
**Defendant-Appellant.**

No. 25493.

United States Court of Appeals,
Ninth Circuit.

Sept. 14, 1970.

J. B. Tietz (argued), Los Angeles,
Cal., for appellant.

Paul J. Fitzpatrick (argued), Asst.
U. S. Atty., James L. Browning, U. S.
Atty., Jerrold M. Ladar, Chief, Criminal
Division, San Francisco, Cal., for appellee.

Before BROWNING, CARTER, and
TRASK, Circuit Judges.

PER CURIAM:

Appellant was indicted for failing to
report for induction on January 10, 1968,
pursuant to an order to report issued
December 19, 1967, 50 App. U.S.C. §
462(a), and was convicted by the district
court sitting without a jury. The only
evidence submitted was appellant's selective service file, introduced by the government without objection by the defense.

Appellant contends that he was declared a delinquent prior to the issuance
of the order to report for induction and
therefore his conviction must be reversed
under Gutknecht v. United States, 396
U.S. 295, 90 S.Ct. 506, 24 L.Ed.2d 532
(1970).

In United States v. Thomas, 422 F.2d
1327 (9th Cir. 1970), we held that, absent a showing to the contrary, we must
assume that a delinquency declaration
results in an accelerated induction requiring reversal.

In its supplemental memorandum, the
government argues that it appears conclusively that appellant's delinquency
status did not affect the issuance of the
December 19, 1967, induction order, upon
which the prosecution was based, because
an earlier order to report had been issued on September 28, 1967, *before* appellant was declared a delinquent on November 14, 1967, thus establishing that
he was due to be inducted in the regular
order, without regard to delinquency.
However, the file also discloses that on
May 5, 1967, appellant had been ordered
to report on May 16, 1967, for a physical
examination, had failed to report, and as
a result had been declared delinquent on
that date. Even though appellant finally
reported for his physical, it does not appear that the board removed him from

delinquency status pursuant to 32 C.F.R. § 1642.4(c). We cannot assume that the subsequent induction orders were not accelerated by his continuing status as a delinquent.

Reversed.