**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Jon Mardis PENNINGTON, Defendant-Appellant.**

**No. 24355.**

United States Court of Appeals, Ninth Circuit

March 11, 1971.

Rehearing Denied May 11, 1971.

David K. Yamakawa, Jr. (argued), San Francisco, Cal., for defendant-appellant.

George Rayborn, Ass't. U. S. Atty., (argued) Robert L. Meyer, U. S. Atty., Henry J. Novak, Asst. U. S. Atty., Los Angeles, Cal., for plaintiff-appellee.

Before BROWNING, WRIGHT and KILKENNY, Circuit Judges.

PER CURIAM:

Pennington was declared a delinquent and ordered to report for induction. He refused to be inducted, and was tried and convicted. The subsequent decision in Gutknecht v. United States, 396 U.S. 295, 90 S.Ct. 506, 24 L.Ed.2d 532 (1970), held the delinquency regulations unlawful.

Whether a registrant is prejudiced by a declaration of delinquency depends upon whether the registrant's delinquency status accelerated his order of induction. On appeal, therefore, a case tried prior to *Gutknecht* presents three possibilities. (1) The record may show that the induction order was accelerated. If so, reversal would be required. United States v.

Browning, 423 F.2d 1201 (9th Cir. 1970); Gregory v. United States, 422 F.2d 1323 (9th Cir. 1970). (2) On the other hand, the record may show that the induction order was not accelerated. If so, affirmance would be proper. (3) The third possibility is that the record may fail to show either that the induction order was accelerated or that it was not.

This case falls in the third category. When the record is thus inconclusive, a line of cases in this circuit has assumed acceleration and therefore reversed. United States v. Townsend, 431 F.2d 702 (9th Cir. 1970); United States v. McQueary, 429 F.2d 984 (9th Cir. 1970); United States v. Supina, 428 F.2d 1226 (9th Cir. 1970); United States v. Stow, 427 F.2d 891 (9th Cir. 1970); United States v. Broyles, 427 F.2d 358 (9th Cir. 1970); United States v. Thomas, 422 F. 2d 1327 (9th Cir. 1970).

The most recent case, however, remanded to the district court for a determination of whether the defendant's delinquency status accelerated his induction order. United States v. Davis, 432 F.2d 1009 (9th Cir. 1970). We think this is the more appropriate disposition. We feel free to adopt it since the possibility of remand is not considered in our earlier opinions.

█ Because the trial took place before *Gutknecht*, the government had no reason to attempt to show that Pennington was not prejudiced, and the district court had no occasion to decide that question.

Accordingly, this case is remanded for an evidentiary hearing to determine whether Pennington's induction was illegally accelerated by reason of delinquency.

On remand, the government will have the burden of showing that the induction order was not made out of the order of call. If the court finds that the induction order was in violation of the

principles stated in *Gutknecht*, it shall set aside the judgment of conviction and enter an order of dismissal. Otherwise, it shall certify the supplemental record and its findings to this panel for further proceedings and final decision.