UNITED STATES of America, Plaintiff-Appellee,

v.

Edward Lewis LANE, Jr., Defendant-Appellant.

No. 26940.

United States Court of Appeals, Ninth Circuit.

May 11, 1971.

Paul M. Goorjian (argued), San Francisco, Cal., for defendant-appellant.

Jerry Cimmet (argued), James A. Bruen, Asst. U. S. Attys., San Francisco, Cal., for plaintiff-appellee.

Before MERRILL, BROWNING, and WRIGHT, Circuit Judges.

PER CURIAM:

Appellant was convicted for refusing to submit to induction in violation of 50 U.S.C. App. § 462(a). We affirm.

On June 16, 1969, appellant's local board mailed him an order to report for induction on July 9. On July 8, appellant filed a conscientious objector claim. The board postponed appellant's induction to review his claim. Concluding that there had been no change in status resulting from circumstances beyond appellant's control, 32 C.F.R. § 1625.2, the board refused to reopen his classification and directed him to report for induction on October 1.

Appellant argues that he was called out of proper order from among the group of registrants available for induction in October. The trial court held that the July order of call, under which appellant was concededly properly included among those called, remained controlling as to him spite the postponement of his induction. We agree.

Under 32 C.F.R. § 1632.2(a), a registrant whose induction has been postponed cannot be inducted during the period of postponement. The induction order remains valid, however, the postponement operating only to defer the reporting date. 32 C.F.R. § 1632.2(d). When the postponement period terminates, the board does not issue a new induction order, but directs the registrant by letter to report on a new date. 32 C.F.R. §§ 1632.2(d), 1632.14(a). It seems reasonably clear from these regulations that the effect of a postponement is simply to delay the registrant's reporting date under the only induction order issued to him.

In any event, the order of call regulation itself demonstrates that the registrant remains part of the call for the month specified in his induction order:

"Whenever the number of postponements of induction materially reduces the number of men the local board actually can deliver in response to a call, the local board shall issue orders to report for induction to such numbers of additional men as may be necessary to meet the call, *taking into account the number of men to be delivered following the expiration of postpone-*

*ments previously granted."* 32 C.F.R. § 1631.7(c) (1969); 32 C.F.R. § 1631.-7(a) (1971) (emphasis added).

If postponed registrants were subject to the new order of call the italicized portion of the regulation would be meaningless.

Appellant also contends that the board should have considered his post-induction order conscientious objector claim on its merits. *Ehlert v. United States,* 402 U.S. 99, 91 S.Ct. 1319, 28 L.Ed.2d 625 (1971), forecloses this issue.

Affirmed.