**Eddie Pearl CLAYTON, Plaintiff-Appellant,**

v.

**UNITED STATES of America, Defendant-Appellee.**

No. 26925.

United States Court of Appeals, Ninth Circuit.

Aug. 18, 1971.

Burton Marks, of Marks, Sherman, London, Schwartz & Levenberg, Beverly Hills, Cal., for plaintiff-appellant.

Robert L. Meyer, U. S. Atty., Irving Preager, Asst. U. S. Atty., David R. Nissen, Chief, Crim. Div., Los Angeles, Cal., for defendant-appellee.

Before DUNIWAY, WRIGHT and CHOY, Circuit Judges.

PER CURIAM:

Clayton appeals from a decision of the district court denying her motion for release under 28 U.S.C. § 2255. We affirm.

Appellant was found guilty of two counts of possession and sale of heroin and one count of conspiracy to conceal

and sell heroin under 21 U.S.C. § 174. On July 15, 1967, she presented a package, the size and shape of a shoe box, to the freight agent of United Airlines at Los Angeles International Airport, and stated that the contents were books and shot glasses. Because Clayton appeared nervous and fidgety at the time, the agent became suspicious and with the permission of his supervisor opened the package. Inside, the agent found several books and papers and a rubber prophylactic containing the heroin. The authorities were notified.

Clayton's conviction was upheld by this court; we rejected her contention that there had been search and seizure in violation of the Fourth Amendment. Clayton v. United States, 9th Cir. 1969, 413 F. 2d 297, *cert. den.* 399 U.S. 911, 90 S.Ct. 2204, 26 L.Ed.2d 565 (1970). After denial of her petition for certiorari, she filed the instant motion under § 2255.

■ Clayton's attempt to relitigate the legality of the search and seizure was properly rejected by the district court. Although a claim of unconstitutional search and seizure may in some circumstances be cognizable in a § 2255 proceeding even though the issue has been presented and resolved on direct appeal from a criminal conviction, as taught by Kaufman v. United States, 394 U.S. 217, 89 S.Ct. 1068, 22 L.Ed.2d 227 (1969), we find here none of the elements mentioned in Kaufman, supra at 230–231, 89 S.Ct. at 1076,[1] warranting relitigation.

■ Appellant's reliance on the two state decisions, People v. McGrew, 1 Cal. 3d 404, 82 Cal.Rptr. 473, 462 P.2d 1 (1969) and Abt v. Superior Court, 1 Cal. 3d 418, 82 Cal.Rptr. 481, 462 P.2d 10 (1969), is misplaced. Not only are state court decisions without binding effect upon this court, but also we find both of those decisions distinguishable in view of the degree of participation by law enforcement authorities that took those cases out of the "private search" category into which this case falls. See Gold v. United States, 9th Cir., 1967, 378 F.2d 588. See also People v. Hively, Colo., 1971, 480 P.2d 558, 559.

■ Clayton's second contention is that the trial court erred when it failed to make special findings of fact after her non-jury trial. Not only is there no showing of how this failure worked to her disadvantage, but more importantly it is undisputed that she failed to request special findings. Under Rule 23(c), Fed. R.Crim.Proc., the district court is to make special findings on request. Absent some such showing of prejudice we fail to see how the lack of admittedly unrequested special findings can constitute error warranting relief under § 2255. See Lofland v. United States, 9th Cir., 1966, 357 F.2d 472.

Affirmed.

---

1. "Where a federal trial or appellate court has had a 'say' on a federal prisoner's claim, there may be no need for collateral relitigation. But what if the federal trial or appellate court said nothing because the issue was not raised? What if it is unclear whether the 'say' was on the merits? What if new law has been made or facts uncovered relating to the constitutional claim since the trial and appeal? What if the trial or appellate court based its rulings on findings of fact made after a hearing not 'full and fair' within the meaning of Townsend v. Sain, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963)? All these problems are common to state and federal prisoners, and the interest in finality operates equally in both situations. These problems raise, not the issue whether relitigation is necessary, but whether one adequate litigation has been afforded."