**UNITED STATES of America, Plaintiff-Appellee,**

v.

**John Jay HELDT, Defendant-Appellant.**

**No. 71-2345.**

United States Court of Appeals, Ninth Circuit.

Jan. 20, 1972.

report discloses that the defendant had been arrested in Sacramento, California, on at least two occasions in 1970. Not

J. E. Berg, San Jose, Cal., for defendant-appellant.

James L. Browning, Jr., U. S. Atty., Jerry K. Cimmet, Asst. U. S. Atty., F. Steele Langford, Chief, Crim. Division, San Francisco, Cal., for plaintiff-appellee.

Before BROWNING, ELY and CARTER, Circuit Judges.

JAMES M. CARTER, Circuit Judge:

Appellant was convicted and sentenced under 50 U.S.C.App. § 462 for his refusal to submit to induction. The only significant issue raised by his appeal is whether the local board improperly accelerated his induction by directing more men to report than were authorized by the State Director's call. We affirm.

Appellant was inducted pursuant to a call for 56 men sent to the local board by the State Director. The local board

surprisingly, the presentence report recommended that maximum sentence be imposed.

prepared delivery lists to fill requirements set for June 25, 1969. Sixty-one registrants, of whom Heldt was the 58th, were placed on this list. Nine of the 61, however, had been previously postponed.

Appellant argues that he was the 58th man called pursuant to an authorization to call only 56 men. The government responds that the nine inductees who had been previously postponed should not be counted towards meeting the local board's quota. By their calculation, Heldt was 48th on a list of 52 registrants.

At issue, thus, is whether inductees previously postponed should have been counted towards meeting the local board's monthly quota. If the previously postponed inductees should have been counted, appellant's induction order was invalid.

Appellant relies upon the last sentence of 32 C.F.R. § 1631.7(a), which provides,

Whenever the number of postponements of induction materially reduces the number of men the local board actually can deliver in response to a call, the local board shall issue orders . . . [to] additional men as *may be necessary to meet the call, taking into account the number of men to be delivered following the expiration of postponements previously granted.* [Emphasis supplied.]

Appellant also relies upon California State Director's Memorandum No. 219, "Induction Call Procedures," in effect at that time, which provides, in pertinent part:

"In filling the call you will enter on SSS Form 261 'Delivery List' the exact number of your registrants as stated in the Notice of Call. Transfer registrants from both in and out-of-state will be included on your Delivery List along with the number of your own registrants called for on SSS Form 201.

" * * *

"Loss percentages have been computed and considered in the allocation of the call; therefore, the local board will not substitute additional registrants to cover losses which occur for reasons of delinquency, transfer, postponement, etc."

We think the trial court properly decided the question in its memorandum of decision.

"Defendant disregards the fact that nine of the draftees listed before him had been 'previously postponed.' In other words, those nine had been included in an earlier call to fulfill an earlier quota."

" * * * *

"Defendant construes the last clause [of 32 C.F.R. 1631.7(a)] 'taking into account the number of men to be delivered following the expiration of postponements previously granted,' to mean that the previously postponed inductees should be counted to fill the June quota. The previously postponed draftees are 'taken into account' by not including them in the quota for the current call. They are counted in the quota in which they were initially summoned. United States v. Lane, 442 F. 2d 415 (9 Cir., 1971). In the *Lane* case, the Court held: 'The order of call regulation itself demonstrates that the registrant remains part of the call for the month specified in his induction order.' Even defendant must accede to this. As we shall see, he, too, was postponed. His final induction delivery date was August 27, 1969. If he had not understood that the call for the June quota was in issue here and that previously postponed draftees would not be counted, he would have produced the delivery lists for the August induction to which he himself was postponed. No such records are before the Court."

We hold that the nine previously postponed inductees were properly excluded from the court. A registrant whose induction is postponed is still under the authority of the original

induction order and *remains a part of the original call.* United States v. Lane (9 Cir. 1971), 442 F.2d 415, 416. "When the postponement period terminates the board does not issue a new induction order . . . . [The] effect of a postponement is simply to delay the registrant's reporting date under the only induction order issued to him." *Id.* Since a postponed registrant remains a part of his original call, we conclude that they may not be used to satisfy the quota of the month in which they are delivered.

We have given full consideration to appellant's further contention that the local board improperly failed to re-open his classification and find it to be without merit.

Affirmed.