UNITED STATES of America,
Plaintiff-Appellee,

v.

Peter Arthur FOX, Defendant-Appellant.

No. 71-1917.

United States Court of Appeals,
Ninth Circuit.

Dec. 30, 1971.

Rehearing Denied Feb. 18, 1972.

Martha Goldin (argued), of Saltzman & Goldin, Hollywood, Cal., for defendant-appellant.

Kenneth P. Snoke, Asst. U. S. Atty. (argued), Robert L. Meyer, U. S. Atty., Eric A. Nobles, Asst. U. S. Atty. and Chief, Criminal Div., Los Angeles, Cal., for plaintiff-appellee.

Before MERRILL and DUNIWAY, Circuit Judges, and CROCKER,* District Judge.

DUNIWAY, Circuit Judge:

Appellant Fox was convicted for failure to report for induction into the Armed Forces in violation of 50 U.S.C. App. § 462. We reverse.

Fox was declared delinquent by his Selective Service Board on July 10, 1969, for his failure to appear for preinduction physical examinations as ordered on four separate occasions. On July 28, 1969, Fox was ordered to report for induction on August 19, 1969, which he failed to do. He likewise failed to respond to two subsequent letters instructing him to report for induction based on his continuing duty to report under the original order, the last time on October 12, 1970. His indictment rested on his failure to appear on that date.

At trial, the government offered evidence from which it sought to show that Fox's induction order was not accelerated by the declaration of delinquency. The pertinent date for determining whether acceleration occurred is August 19, 1969. United States v. Lane, 9 Cir., 1971, 442 F.2d 415; United States v.

* Honorable M. D. Crocker, United States District Judge, Eastern District of California, sitting by designation.

Dobie, 4 Cir., 1971, 444 F.2d 417, 421. The government relied upon the August, 1969 delivery list, the July and June lists, and a list showing the birthdates of all registrants born in 1949, of whom Fox was one of the eldest. The trial judge found no acceleration and convicted.

Since the decisions in Gutknecht v. United States, 1970, 396 U.S. 295, 90 S. Ct. 506, 24 L.Ed.2d 532, and Breen v. Selective Service Local Board, 1970, 396 U.S. 460, 90 S.Ct. 661, 24 L.Ed.2d 653, this court has routinely reversed convictions for failure to report for or submit to induction in cases in which it appeared that the defendant had been declared delinquent by his local board and ordered to report for induction as a delinquent. We have presumed, absent evidence to the contrary, that his induction was accelerated by the declaration of delinquency. United States v. Thomas, 9 Cir., 1970, 422 F.2d 1327; Gregory v. United States, 9 Cir., 1970, 422 F.2d 1323; United States v. Browning, 9 Cir., 1970, 423 F.2d 1201; United States v. Stow, 9 Cir., 1970, 427 F.2d 891; United States v. Broyles, 9 Cir., 1970, 427 F.2d 358; United States v. Supina, 9 Cir., 1970, 428 F.2d 1226; United States v. McQueary, 9 Cir., 1970, 429 F. 2d 984; United States v. Townsend, 9 Cir., 1970, 431 F.2d 702; United States v. Kohls, 9 Cir., 1971, 441 F.2d 1076, 1077; Andre v. Resor, 9 Cir., 1971, 443 F.2d 921; United States v. Hayden, 9 Cir., 1971, 445 F.2d 1365, 1369. In all of these cases except four (*Gregory, Browning, Broyles and Andre*), the delinquency was the same as here—failure to take a physical examination as ordered. The nature of the delinquency in *Andre* does not appear; the other three cases involved failure to carry draft cards.

In two cases, we have remanded instead of reversing, United States v. Davis, 9 Cir., 1970, 432 F.2d 1009; United States v. Pennington, 9 Cir., 1971, 439

F.2d 145. In *Davis,* the trial judge on remand found that there had been no acceleration, and we then affirmed. United ed States v. Davis, 9 Cir., 1971, 447 F.2d 1376. We also affirmed a similar finding in an unreported decision, United States v. Misenhimer, No. 71–1384, July 22, 1971. However, the nature of the delinquency in these cases does not appear, nor does it appear what the evidence of non-acceleration was. Thus they are of no help to either side in this case.

In the present case, we need not consider the evidence offered by the government to show that induction was not accelerated, because, under the regulations in effect at the time, Fox's induction was accelerated by the declaration of delinquency as a matter of law. Without the declaration, the Board could not have ordered him to report for induction. As in *Pennington, supra,* "[w]e feel free to [take this position] since the possibility [of doing so] is not considered in our earlier opinions." 439 F.2d at 146.

The regulations in effect at the time of Fox's induction order required the Local Board, upon receiving a Notice of Call from the State Director of Selective Service, to select and order for induction the number of men necessary to fill the call from among its registrants:

(1) who had been classified I–A or I–A–O; and

(2) who had been found acceptable for service in the Armed Forces; and

(3) to whom the Local Board had mailed a Statement of Acceptability (DD Form 62) at least 21 days before the date fixed for induction.

Only two classes of registrants were excepted from the latter two of these three prerequisites for induction: delinquents and volunteers. 32 C.F.R. former § 1631.7(b).[1]

---

1. 32 C.F.R. § 1631.7(b) stated in 1969:
   (b) When a call is placed with designation of age group or groups, each

local board, upon receiving a Notice of Call on Local Board (SSS Form 201) from the State Director of Selective

No dispute exists as to the facts here. Fox was classified I–A, but he was never found to be "acceptable for service" and he was never mailed a Statement of Acceptability either at least 21 days before his induction date or at all. He was not a volunteer; thus the only authority the Local Board had for its order to Fox to report for induction was the provision of § 1631.7(b) for delinquents to be called without a previous finding of acceptability or the mailing of a Statement of Acceptability 21 days before induction. Yet that provision was part of the delinquency regulations held invalid by the Supreme Court in *Gutknecht*. The local board could not rely on that invalid regulation to order appellant's induction and there was no other valid provision of the regulations which gave the local board authority to order his induction when it did. It follows that the order of July 28, 1969, was illegal and created no duty on Fox's part to report for induction.

None of our decisions requires a contrary result. None purports to authorize what we would have to do here to conclude that no acceleration occurred. We would have to assume three things: first, that Fox did report for and take his physical examination (although he did not); second, that as a result of that assumed examination, he would have been found acceptable for service; third, that he would then have been sent a Statement of Acceptability. We would also have to assume that all of this would have happened long enough before the declaration of delinquency and order for induction that Fox would have been available for call in August, 1969, even without the declaration of delinquency. Having made all of those assumptions, we would then have to examine the Board's records to ascertain that he was called in the proper order, as prescribed in § 1631.7(b). No case requires that we take such a voyage to "Fantasyland"; we decline to embark on it.

We realize that the result does not seem to be a desirable one; Fox was about as delinquent as it would be possible for a young man to be in relation to

Service for a specified number of men to be delivered for induction, shall select and order to report for induction the number of men required to fill the call from among its registrants who have been classified in Class I–A and Class I–A–O and who have been found acceptable for service in the Armed Forces and to whom the local board has mailed a Statement of Acceptability (DD Form 62) at least 21 days before the date fixed for induction; *Provided*, That a registrant classified in Class I–A or Class I–A–O who is a delinquent may be selected and ordered to report for induction to fill an induction call notwithstanding the fact that he has not been found acceptable for service in the Armed Forces and has not been mailed a Statement of Acceptability (DD Form 62); *And provided further*, That a registrant classified in Class I–A or Class I–A–O who has volunteered for induction may be selected and ordered to report for induction notwithstanding the fact that he has not been found acceptable for service in the Armed Forces and regardless of whether a Statement of Acceptability has been mailed to him. Such registrants shall be selected and ordered to report for induction in the following order:

(1) Delinquents who have attained the age of 19 years in the order of their dates of birth with the oldest being selected first.

(2) Volunteers who have not attained the age of 26 years in the sequence in which they have volunteered for induction.

(3) Registrants in the designated age group; and registrants who previously have been deferred in Class I–S–C after attaining the age of 19 years, or who have requested and have been granted a deferment in Class II–S after the enactment of the Military Selective Service Act of 1967, and who are no longer so deferred, shall be considered as being within the age group called regardless of their actual age. These registrants shall be integrated and called according to the month and day of their birth, the oldest first. Registrants who have been deferred in Class I–S–C or Class II–S and have been integrated with a prime age group under the provisions of this paragraph shall, for the purposes of selection and call, thereafter be considered a member of such age group.

his various duties under the Selective Service Law. But we did not write the law or the regulations, and the defect in them that produces the result in this case has been corrected.[2] As the Court pointed out in *Gutknecht*, there was a remedy: Fox could have been prosecuted for one or more of his numerous delinquencies. But that was not done; instead, the delinquency route to accelerated induction, condemned in *Gutknecht*, was taken.

Reversed. When the mandate goes down, the indictment will be dismissed

---

2. The regulations were amended by an Executive· Order on June 16, 1970, to permit a local board to order the induction of a registrant who fails to report for a physical examination as ordered, without the necessity of first finding him acceptable for service or mailing him a Statement of Acceptability 21 days prior to induction. 32 C.F.R. § 1631.7(a).