UNITED STATES of America
v.
Martin Daniel GROSS, Defendant.

No. 71 Cr. 963.

United States District Court,
S. D. New York.

March 6, 1972.

Whitney North Seymour, Jr., U. S. Atty., for the United States by George E. Wilson, New York City, of counsel.

Barry Satlow, New York City, for defendant.

GURFEIN, District Judge.

This is a motion under Rule 12 of the Federal Rules of Criminal Procedure to dismiss Count two of the indictment charging violations of the Selective Service Law (50 App. U.S.C. § 462(a); 32 C.F.R. 1628.16, 1632.14). The indictment is in two counts. The first count charges that the defendant, a registrant, unlawfully failed to report for his Armed Forces physical examination. The second count charges that the defendant unlawfully failed to report for induction into the Armed Forces of the United States.

It is conceded by the defendant that Count two is good on its face, but he argues that since concededly no physical examination of the defendant was ever made, he cannot be guilty of the crime of failing to report for induction. See Gutknecht v. United States, 396 U.S. 295, 90 S.Ct. 506, 24 L.Ed.2d 532 (1970); United States v. Fox, 454 F.2d 593 (9 Cir. 1971).

There is precedent for entertaining a Rule 12 motion which attacks the classification procedure of the Selective Service System, United States v. Seeley, 301 F.Supp. 811 (D.R.I.1969), even though the defect is not on the face of the indictment. The opinion of Judge Pettine, in that case, was a thoughtful exposition of the advantages of a pre-trial determination where a complicated set of facts has to be weighed in the absence of a jury, and presumably, would also apply to a defective induction order.

Here there is no such problem, however. The issue of whether a physical examination of the defendant was ever made is the kind of simple issue a jury would determine in any event, if there should be a conflict of evidence. If the Government fails to prove a physical examination, a motion for a judgment of acquittal may then be made. I see no harm to the defendant in following the normal procedure. The Government has the right to present its proof, and, in this case, there is no prejudice to the defendant if we abide the event.*

The motion to dismiss Count two of the indictment is denied.

* The defendant may, if he chooses to, rely on United States v. Fox, *supra*, in which the Ninth Circuit held that *any* induction order without a physical examination is conclusively presumed to be invalid and that, therefore, the order of call of delinquent is irrelevant. Even if I adopt the *Fox* rule of the Ninth Circuit, however, the Government may still appeal the dismissal (18 U.S.C. § 3731). The contention of the defendant that a dismissal now would save time later does not necessarily follow.