**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Joseph Anthony DAVIS, Defendant-Appellant.**

**No. 72-2438.**

United States Court of Appeals, Ninth Circuit.

Dec. 26, 1972.

---

\* The Honorable Fred M. Taylor, Senior District Judge for the District of Idaho, sitting by designation.

Marvin M. Karpatkin (argued), New York City, Daniel Kallen, Michael E. Somers, Santa Monica, Cal., Scott J. Tepper, Los Angeles Selective Service Lawyers' Panel, Los Angeles, Cal., Somers & Kallen, Santa Monica, Cal., Melvin Wulf, ACLU, New York City, for defendant-appellant.

John K. Cameron, Asst. U. S. Atty. (argued), Eric A. Nobles, Paul Sweeney, Asst. U. S. Attys., Los Angeles, Cal., for plaintiff-appellee.

Before CHAMBERS and KILKENNY, Circuit Judges, and TAYLOR,\* District Judge.

PER CURIAM:

This is an appeal from the denial of appellant's 28 U.S.C. § 2255 motion. The issue here presented is precisely the same as the one presented and decided adversely to appellant in United States v. Davis, 447 F.2d 1376 (CA9 1971), cert. denied 405 U.S. 933, 92 S.Ct. 939, 30 L.Ed.2d 809 (1972).

This circuit is firmly committed to the rule that where an issue has been decided on direct appeal from a conviction, it cannot be relitigated again on a § 2255 motion. The decision on the direct appeal is the law of the case. Odom v. United States, 455 F.2d 159, 160 (CA9 1972). Appellant argues that United States v. Fox, 454 F.2d 593 (CA9 1971) created new law by overruling United States v. Davis and that he should be permitted to fall within the perimeter of the new rule. Aside from the fact that *Fox* does not even suggest overruling *Davis*, *Fox*, 454 F.2d p. 594,[1] the new law, or change in law, rule is not applied in this circuit under circumstances such as here presented. Odom v. United States, *supra*.

Judgment affirmed.

---

1. For that matter, an in banc proceeding would be required to overrule a previous panel decision.