Richard E. HENKEL, Petitioner,

v.

UNITED STATES of America, Respondent.

Civ. A. No. 73–839.

United States District Court, W. D. Pennsylvania.

Dec. 27, 1973.

J. Kerrington Lewis, Pittsburgh, Pa., for petitioner.

Joel B. Strauss, Asst. U. S. Atty., Pittsburgh, Pa., for the United States.

OPINION AND ORDER

MARSH, Chief Judge.

In September, 1970, the petitioner, Richard E. Henkel, was convicted of two counts of bank robbery, 18 U.S.C. §§ 2113(a) and (d). The conviction was affirmed. United States v. Henkel, 451 F.2d 777 (3rd Cir. 1971), cert. denied, 409 U.S. 859, 93 S.Ct. 144, 34 L.Ed.2d 104 (1972).

On October 1, 1973, petitioner filed a motion pursuant to § 2255, 28 U.S.C. asserting that the trial court denied him due process of law "by allowing the government to cross-examine [a] key defense witness about other specific crimes for which he [the witness] had been indicted but not convicted." Counsel was appointed to represent the petitioner; a show cause rule was issued upon the United States; argument was

See also 320 F.Supp. 1393.

held and briefs submitted. It is our opinion that the rule should be discharged and the motion denied.

At the trial, petitioner called a surprise witness,[1] Peter Biagiarelli, an inmate of the Allegheny County Jail, charged with murder, who testified that he and one Larry Windsor were the bank robbers; that he, Biagiarelli, had given his share of the loot, $30,000, to petitioner to hold for him representing that he had won the money in a crap game; and that petitioner had not participated in the robbery. Petitioner was also confined to the Allegheny County Jail pending trial. Biagiarelli has since been convicted of first degree murder and sentenced to life imprisonment. Biagiarelli v. Sielaff, 349 F.Supp. 913, 914 (W.D.Pa.1972).

■ On appeal, one of the contentions raised by petitioner was "that the district court erred in allowing a witness to be cross-examined with regard to his being under indictment for murder * * *." United States v. Henkel, supra, 451 F.2d p. 779. Petitioner was represented at trial and on appeal by experienced retained counsel; he also filed a pro se brief emphasizing this particular ground for reversal.[2] The Court of Appeals found this contention to be without merit. United States v. Henkel, supra, p. 782. Since it is clear that this issue was raised on direct appeal and decided adversely to petitioner, it cannot be relitigated collaterally on a § 2255 motion. United States v. Davis, 472 F. 2d 596 (9th Cir. 1972); Blackwell v. United States, 429 F.2d 514 (5th Cir. 1970).[3]

■ In any event, since the witness Biagiarelli impeached himself by admitting that he was a bank robber, the disclosure at trial that he was in jail suspected of murder, even if error, was not of constitutional magnitude and would not be a ground for § 2255 relief.[4] Cf. Nolen v. Wilson, 372 F.2d 15, 17 (9th Cir. 1967); Vandergrift v. United States, 313 F.2d 93 (9th Cir. 1963).

Petitioner's conviction was based on strong circumstantial evidence. Under a fictitious name and address he had $20,000, which included bait money stolen from the bank, in a safety deposit box. When this money was discovered by the Federal Bureau of Investigation, instead of disclosing that the money was Biagiarelli's, won by him in a crap game, he fled. When ultimately arrested, he was registered in a motel under an assumed name. We think the adverse decision of the Court of Appeals affirming his conviction is the law of the case. United States v. Davis, supra.

An appropriate order will be entered.

---

1. Transcript, pp. 322, 378–388, 398 and 406.

2. See Exhibit A attached to the government's "Objections to Motion to Set Aside and Vacate Judgment."

3. See also: Lott v. United States, 451 F.2d 596 (5th Cir. 1971); Clayton v. United States, 447 F.2d 476 (9th Cir. 1971); United States v. Osborn, 415 F.2d 1021, 1023 (6th Cir. 1969); Vincent v. United States, 361 F.2d 474 (8th Cir. 1966); Sykes v. United States, 341 F.2d 104 (8th Cir. 1965);

Butler v. United States, 340 F.2d 63 (8th Cir. 1965).

4. The jury was instructed, inter alia, that the fact that Biagiarelli was in jail charged with a crime should not "have the slightest effect whatsoever upon whether or not you believe his testimony." * * * "all persons are presumed innocent of the crime with which they are charged up until proven guilty." Transcript, pp. 533–534.