**Robert R. KRILICH, Petitioner-Appellant,**

v.

**UNITED STATES of America, Respondent-Appellee.**

No. 73-1948.

United States Court of Appeals, Seventh Circuit.

Argued Dec. 7, 1974.

Decided Aug. 30, 1974.

Edward J. Calihan, Jr., Joseph A. Lamendella, Chicago, Ill., for petitioner-appellant.

James R. Thompson, U. S. Atty., Ann P. Sheldon, Asst. U. S. Atty., Chicago, Ill., for respondent-appellee.

Before SWYGERT, Chief Judge, CASTLE, Senior Circuit Judge, and CAMPBELL,* Senior District Judge.

WILLIAM J. CAMPBELL, Senior District Judge.

On June 6, 1971, petitioner-appellant was convicted of income tax evasion and of willfully filing a false income tax return in violation of 26 U.S.C. § 7201 and 26 U.S.C. § 7206(1), respectively. His conviction was subsequently affirmed by this court. United States v. Krilich, 470 F.2d 341 (7th Cir. 1972). Petitioner thereafter moved to vacate his conviction pursuant to 28 U.S.C. § 2255, asserting that, in the course of his trial, he was denied access to a report prepared by an Internal Revenue Agent who testified on behalf of the government, and that he was thereby denied his constitutional right of confrontation and effective assistance of counsel. This appeal follows the district court's denial of his motion.

In the course of petitioner's earlier appeal, he urged that his conviction be reversed because, prior to the cross-examination of Special Agent Popovitz,

---

* Senior District Judge William J. Campbell of the Northern District of Illinois is sitting by designation.

Krilich was not afforded access to the Special Agent's Report (SAR) which Popovitz prepared in connection with the government's investigation of petitioner. In affirming his conviction, this court ruled that the SAR was "not a 'written or recorded statement * * * made by the defendant' within the meaning of Rule 16(a)(2) of the Federal Rules of Criminal Procedure under which production was sought". 470 F.2d at 351. In addition, in reliance upon the language of United States v. Keig, 334 F.2d 823, 825 (7th Cir. 1964) this court ruled that the SAR was not "a 'statement' as defined in 18 U.S.C. § 3500(e), and hence was not producible under the Jencks Act either."

Subsequently, on April 16, 1973, this court decided United States v. Cleveland, 477 F.2d 310 (7th Cir. 1973) (hereafter, *Cleveland I*),[1] holding that the SAR is a "statement" within the meaning of the Jencks Act, 18 U.S.C. § 3500(e), and expressly disapproving "the language of that [*Keig*] opinion insofar as it may be read to imply that a Special Agent's Report is not a statement within subsection (e)". 477 F.2d at 316. In a footnote, the court observed that "[t]his comment is, of course, also applicable to the dictum of United States v. Krilich, 470 F.2d 341 (7th Cir. 1972) page 351 n. 18, . . .".

On appeal from the denial of his motion pursuant to 28 U.S.C. § 2255, petitioner contends that, in light of this court's decision in *Cleveland I,* he was denied his constitutional rights of con-

frontation and effective assistance of counsel both at trial and on appeal from his conviction, and that he is therefore entitled to a new trial. For the reasons stated herein, we affirm the decision of the district court.

The government first contends that the issue before us is of an "evidenciary nature" and not of constitutional proportions, and that it therefore cannot be raised collaterally under 28 U.S.C. § 2255. We disagree. The essence of petitioner's claim is that his constitutional right of confrontation was infringed through the allegedly erroneous denial of material which he contends would have enhanced his ability to cross-examine an important government witness. Clearly, the principal purpose of requiring the government to disclose prior written statements of a witness which relate to that witness' direct testimony is to facilitate cross-examination. It is principally through cross-examination that a defendant exercises his right to confront witnesses called to testify against him.[2] Conversely, the failure to provide material to which the defense is entitled under the Jencks Act may adversely affect a defendant's ability to cross-examine government witnesses and thereby infringe upon his constitutional right of confrontation. Non-compliance with a statute which has as one of its purposes the effectuation of a constitutional right presents an issue of sufficient constitutional dimension to warrant consideration under 28 U.S.C. § 2255.[3]

---

1. We refer to the *Cleveland* decision as "*Cleveland I*" because there is currently pending before this court a second appeal by the defendant in that case challenging the correctness of the district court's ruling on remand from the first appeal.

2. See United States v. Aaron, 457 F.2d 865, 869 (2nd Cir. 1972); United States v. Missler, 414 F.2d 1293, 1303 (4th Cir. 1969).

3. We note also that the Supreme Court has recently rejected the proposition that only claims of a constitutional nature may be raised under § 2255. In Davis v. United States, (1974), 417 U.S. 333, 94 S.Ct. 2298, 41 L.Ed.2d 109 (1974), the court held that

the language of § 2255 permits one in federal custody to seek relief under that statute where he claims that his confinement is "in violation of the Constitution or *laws* of the United States." The court added, however, that where a petitioner asserts that his confinement is in violation of the laws of the United States, "the appropriate inquiry [is] whether the claimed error of law [is] 'a fundamental defect which inherently results in a complete miscarriage of justice,' and whether '[i]t . . . present[s] exceptional circumstances where the need for the remedy afforded by the writ of habeas corpus is apparent.' " 417 U.S. at 346, 94 S.Ct. at 2305.

■ The fact that a motion under § 2255 raises a constitutional claim, however, does not necessarily mandate that the underlying conviction be vacated, even if the petitioner succeeds in establishing the claim asserted. The instant case represents one instance in which, even if the correctness of petitioner's contention were to be assumed,[4] the claim that his underlying conviction should be vacated must be denied. *Cleveland I* clearly had the effect of changing what, in practice, had theretofore been a commonly accepted rule within this Circuit. As evidenced by United States v. Krilich, 470 F.2d 341 (7th Cir. 1972) and United States v. Lacob, 416 F.2d 756, 761 (7th Cir. 1969), this court's decision in United States v. Keig, *supra,* had been consistently interpreted as excluding the SAR as a statement under 18 U.S.C. § 3500(e).

Since Krilich's conviction preceded the *Cleveland* decision, his present effort to set aside that conviction requires us to consider whether *Cleveland I* should be afforded retroactive application. For the reasons herein stated, we find that *Cleveland I* should be applied prospectively only and, for this reason alone, affirm the decision of the district court.

Linkletter v. Walker, 381 U.S. 618, 85 S.Ct. 1731, 14 L.Ed.2d 601 (1965) "was the first in a long line of cases giving prospective effect to rules newly propounded in the field of constitutional criminal procedure." Adams v. Carlson, 488 F.2d 619, 626 (7th Cir. 1973). Decisions concerning retroactivity rendered subsequent to *Linkletter,* many of which are cited and discussed in the *Adams* opinion, 488 F.2d at 626, 627, have gradually developed a composite of fairly workable guide lines for determining whether a change in previously accepted decisional law should be applied prospectively only. These decisions demonstrate that under either of two circumstances a new rule of law *must* be applied retroactively.

■ The first is where the effect of the new rule "is to prevent a trial from taking place at all, rather than to prescribe procedural rules that govern the conduct of a trial." Robinson v. Neil, 409 U.S. 505, at 509, 93 S.Ct. 876, at 878, 35 L.Ed.2d 29 (1973). Retroactive application is mandated in such · instances because the defendant was not properly amenable to prosecution in the first place. Thus, the *Robinson* Court applied Walker v. Florida, 397 U.S. 387, 90 S.Ct. 1184, 25 L.Ed.2d 435 (1970) retroactively because Robinson's second trial should have been foreclosed by operation of the Double Jeopardy Clause. See also United States v. U. S. Coin & Currency, 401 U.S. 715, 91 S.Ct. 1041, 28 L.Ed.2d 434 (1971).[5]

---

For the reasons stated herein, we do not believe the alleged error in the instant case would, if established, inherently result in a complete miscarriage of justice. Nevertheless, since we consider the Jencks Act a vehicle for effectuating and enhancing the defendant's constitutional right of confrontation, we view the petitioner's claim as one of sufficient constitutional dimension for the purposes of § 2255.

4. The government asserts that *Cleveland I* does not require that Krilich's conviction be vacated, apparently contending that the trial judge reviewed the SAR and found "nothing that would be producible in the report" (Government's brief, p. 4). Since we hold today that *Cleveland I* is to be applied prospectively only, we do not consider the issue of whether retroactive application of *Cleve-*

*land I* would require that petitioner's § 2255 motion be granted.

5. The Supreme Court's recent decision in Davis v. United States, 417 U.S. 333, 94 S.Ct. 2298, 41 L.Ed.2d 109 does not consider whether the Ninth Circuit's decision in United States v. Fox, 454 F.2d 593, which Davis contended "effected a change in· the law of [that] Circuit after the affirmance of his conviction" 94 S.Ct. at 2299, should be applied retroactively. But the court did note that the substance of Davis' contention was that *Fox* "establishes that his induction order was invalid under the Selective Service Act and that he could not be lawfully convicted for failure to comply with that order." The court then expressed the view that "[i]f this contention is well-taken, then Davis' conviction and punishment are *for an*

The second circumstance requiring retroactive application of a new rule was defined in Williams v. United States, 401 U.S. 646 at 653, 91 S.Ct. 1148 at 1152, 28 L.Ed.2d 388 (1969):

> "where the major purpose of new *constitutional doctrine* is to overcome an aspect of the criminal trial that *substantially impairs its truth-finding function and so raises serious questions about the accuracy of guilty verdicts in past trials,* the new rule has been given complete retroactive effect." (emphasis added)

*Williams* held that Chimel v. California, 395 U.S. 752, 89 S.Ct. 2034, 23 L. Ed.2d 685 (1969) should not be given retroactive effect. Similarly, Adams v. Illinois, 405 U.S. 278, 92 S.Ct. 916, 31 L.Ed.2d 202 (1972), after acknowledging the rule enunciated in *Williams*, held that Coleman v. Alabama, 399 U.S. 1, 90 S.Ct. 1999, 26 L.Ed.2d 389 (1970) (right to counsel at the preliminary hearing) should not be applied retroactively. On the other hand, this principle is consistent with the retroactive application afforded Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963) (right to counsel at trial) and Jackson v. Denno, 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908 (1964) (use of a coerced confession at trial). See also, cases cited at 401 U.S. 646, 653, n. 6, 91 S.Ct. 1148.

The new rule announced in *Cleveland I* does not foreclose the government from proceeding against the defendant—it does not "prevent a trial from taking place at all"—and thus does not present an instance appropriate for application of the *Robinson* rule. And although production of the SAR as a 3500 statement may be assumed to enhance the quality of the cross-examination and to thereby effectuate petitioner's constitutional right of confrontation, the rule enunciated in *Cleveland I* does not meet the *Williams'* standard for mandatory retroactive application since it can hardly be characterized as a "new constitutional doctrine". More importantly, we do not believe that defense counsel's lack of access to the SAR prior to cross-examination can properly be said to so substantially impair the truth finding function as to raise a "serious question about the accuracy of guilty verdicts in past trials".

Accordingly, the issue of retroactivity here must be determined by application of the balancing tests reflected in Johnson v. New Jersey, 384 U.S. 719, 86 S. Ct. 1772, 16 L.Ed.2d 882 (1966) and Stovall v. Denno, 388 U.S. 293, 87 S.Ct. 1967, 18 L.Ed.2d 1199 (1967).

*Johnson* held that the:

> "question [of] whether a constitutional rule of criminal procedure does or does not enhance the reliability of the fact-finding process at trial is necessarily a matter of degree. . . . [W]e denied retroactive application to Griffin v. California, supra, despite the fact that comment on the failure to testify may sometimes mislead the jury concerning the reasons why the defendant [had] refused to take the witness stand. We are thus concerned with a question of probabilities and must take account, among other factors, of the extent to which other safeguards are available to protect the integrity of the truth-determining process at trial." 384 U.S. at 728–729, 86 S.Ct. at 1778.

*Stovall* directs us to consider three criteria for determining whether a new rule should be applied retroactively: "(a) the purpose to be served by the new standards, (b) the extent of the reliance by law enforcement authorities on the old standards, and (c) the effect on the administration of justice of the retroactive application of the new standards." 388 U.S. 297, 87 S.Ct. at 1970.

---

act that the law does not make criminal." (emphasis added) 94 S.Ct. at 2305. In short, at least with respect to the facts of the *Davis* case, *Fox* warranted retroactive application because the effect of the ruling in *Fox* was "to prevent a trial from taking place at all, . . . ." Robinson v. Neal, *supra.* Unlike *Fox*, the rule announced in *Cleveland I* would not operate to foreclose further prosecution of petitioner.

■ Applying the standards of *Johnson* and *Stovall*, we conclude that *Cleveland I* should not be applied retroactively. Although, as we have said, the ability to cross-examine the government's witness is furthered by the rule announced in *Cleveland I,* the degree to which the fact finding process is actually enhanced is not so substantial as to warrant reopening numerous previously decided criminal tax cases. The impact on the integrity of the truth determining process which results from the government's failure to tender the SAR as a 3500 statement is somewhat diminished by the availability of other safeguards, including defense counsel's access to other documents reflecting much of the information contained in the SAR. Thus, while the fact finding process was certainly affected, we cannot conclude that the procedures followed prior to *Cleveland I* impaired the integrity of the truth determining process to the substantial extent necessary to warrant retroactive application of *Cleveland I* under the guide lines announced in *Johnson.*[6]

Turning to the *Stovall* criteria, since *Cleveland I* construes the scope of § 3500(e), the purpose to be served by the new rule is that which is served by subsection (e), i.e., to provide access to material in the government's possession in order to effectuate the defendant's right of confrontation through more effective cross-examination of government witnesses. Since this purpose can be effectuated through prospective application of *Cleveland I,* and since we do not believe the integrity of the truth determining process was so adversely affected by pre-*Cleveland I* practices to warrant retroactive application of the new rule under the guide lines announced in *Johnson,* we conclude the *purpose* to be

served by the new standard does not require application of that standard retroactively. Secondly, the *Stovall* Court gave particular emphasis to the extent of reliance upon pre-*Stovall* standards. In the instant case, the district courts of this circuit, particularly after United States v. Keig, 334 F.2d 823, 825 (7th Cir. 1964), had sufficient reason to rely on the understanding that the SAR was not a "statement" within the meaning of 18 U.S.C. § 3500(e). *Cleveland I* acknowledged that "there is indeed language in the [*Keig*], opinion which supports this interpretation . . . ." 477 F.2d at 315, and considered the district court's failure to inspect the SAR in that case as an "error which may have stemmed from an understandable reliance on *Keig* . . . ." 477 F.2d at 316, n. 9.

The last of Stovall's criteria—the effect on the administration of justice—also argues against applying *Cleveland I* retroactively, since it may be expected that those convicted in the past of income tax offenses, regardless of the actual strength of the evidence against them, will otherwise return to the district court seeking to vacate their convictions and demanding new trials because the SAR was not included in the § 3500 material tendered prior to cross-examination. Even if the government desired to do so, it is predictable that many of these cases simply could not be retried, either because of the unavailability of witnesses or the destruction of non-evidentiary documents, such as the SAR.

■ The views which we express today should not be misconstrued as denigrating the importance of the government's obligation to tender § 3500 mate-

---

6. To the extent that the fact finding process has been affected by the failure to produce the SAR, we do not consider the impact nearly as substantial as that which resulted from the decisions in Griffin v. California, 380 U.S. 609, 85 S.Ct. 1229, 14 L.Ed.2d 106 (1965), held not retroactive in Tehan v. Shott, 382 U.S. 406, 86 S.Ct. 459, 15 L.Ed.2d 453 (1966) ; Coleman v. Alabama, 399 U.S. 1, 90 S.Ct. 1999, 26 L.Ed.2d 387 (1970), held not retroactive in Adams v. Illinois, 405 U.S. 278, 92 S.Ct. 916, 31 L.Ed.2d 202 (1972) ; and United States v. Wade, 388 U. S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149 (1967) and Gilbert v. California, 388 U.S. 263, 87 S.Ct. 1951, 18 L.Ed.2d 1178 (1967), held not retroactive in Stovall v. Denno, *supra.*

rial to the defense. Where the government fails to comply with the requirements of the Jencks Act, a conviction should be reversed unless it is *perfectly clear* that the defense was not prejudiced by the omission. United States v. Cleveland, 477 F.2d 310, 316, n. 9 (7th Cir. 1973); United States v. Aaron, 457 F.2d 865, 869 (2nd Cir. 1972); United States v. Missler, 414 F.2d 1293, 1304 (4th Cir. 1969). Nevertheless, on the basis of the aforementioned guide lines enunciated and applied in numerous Supreme Court decisions, we hold that *Cleveland I* should not be applied retroactively.[7] Accordingly, we affirm the decision of the district court.

Affirmed.

7. Since *Cleveland I* relates to trial procedure, we hold that the rule promulgated therein shall be prospectively applicable to any case regarding which the judgment of conviction was entered after April 15, 1973.