52 F.3d 328
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Humberto MARTIN, Defendant-Appellant.
 No. 94-2097.
 United States Court of Appeals, Seventh Circuit.
 Submitted April 4, 1995.*
Decided April 11, 1995.
 
 Before POSNER, Chief Judge, and FAIRCHILD and KANNE, Circuit Judges.
 
 ORDER
 
 1
 Defendant Humberto Martin appeals from the district court's denial of his motion, filed nearly four years after his trial had concluded and two years after his conviction was affirmed on appeal, to compel production under the Jencks Act, 18 U.S.C. Sec. 3500, of tape recordings and a transcript of conversations engaged in by government witnesses who later testified on direct examination at trial. The sole issue before us is whether the defendant's failure to raise his Jencks Act claim in a timely manner deprived the district court of jurisdiction to consider this claim. We conclude that it did, and we modify the district court's ruling and affirm.
 
 
 2
 Defendant Humberto Martin was convicted by a jury on August 2, 1990 of conspiracy to distribute cocaine and of possession with intent to distribute cocaine, in violation of 21 U.S.C. Secs. 846 and 841(a)(1) and 18 U.S.C. Sec. 2. He was sentenced to 137 months imprisonment and appealed. We affirmed his conviction. United States v. Martin, 964 F.2d 714, 716 (7th Cir.1992).
 
 
 3
 On February 22, 1994, approximately forty-three months after trial and two years after the completion of his appeal, Martin, proceeding pro se, filed with the district court the motion that is the subject of this appeal. In his "Motion for Production Under Title 18 U.S.C. Sec. 3500," Martin asserted that he was entitled to Jencks Act material with respect to "certain expert government witnesses." Specifically, Martin requested that the court order the government to produce tape recordings of its agent's conversation with him during an "undercover-sting operation." According to Martin, these conversations were the subject of testimony at trial by state and federal agents. Martin also requested that the court order the government to produce the original handwritten transcript of the tape recordings, which had been prepared and translated from Spanish to English by a government interpreter named Jose Buergo.
 
 
 4
 The district court denied Martin's motion. The court noted that discovery under the Jencks Act must be requested during trial, generally at the conclusion of the direct examination of the particular witness. Because Martin requested Jencks material nearly four years after the trial concluded, the court held that the motion was untimely and therefore without merit. Martin appealed.
 
 
 5
 On appeal, Martin contends that the district court erred in denying his Jencks Act motion to compel production of the tapes and transcript. In his appellate brief, Martin argues that the undercover government agent who reviewed and corrected the transcript which was introduced at trial misidentified the speakers on the tape recordings.[1] Martin claims that the agent completely altered the original translations, improperly identifying Martin as one of the participants in the recorded drug negotiations. Without elaboration or citation to the record, Martin asserts that the government rebuffed his "diligent[ ]" efforts to obtain a copy of the original transcript of the translation of the tape recorded conversations.[2]
 
 
 6
 The Jencks Act establishes procedures by which criminal defendants may exercise their limited right, for impeachment purposes, to obtain earlier statements made by government witnesses that are in the government's possession. 18 U.S.C. Sec. 3500. The Act authorizes the court to order the government to "[turn] over to the defense at the time of cross-examination [statements of witnesses to government agents] if their contents related to the subject matter of the witness' direct testimony." Palermo v. United States, 360 U.S. 343, 347 (1959).
 
 
 7
 Title 18 U.S.C. Sec. 3500 alone, however, does not confer jurisdiction upon the district court to consider Martin's post-trial collateral attack on his conviction or sentence. After an appeal has been completed, the customary procedure for challenging a trial court error of constitutional magnitude is by collateral attack on the conviction under 28 U.S.C. Sec. 2255.[3] We note that a motion under Sec. 2255 is not a substitute for a direct appeal. United States v. Frady, 456 U.S. 152, 165 (1982); Belford v. United States, 975 F.2d 310, 313 (7th Cir.1992). A petitioner who fails to raise an issue on direct appeal is barred from presenting the issue in a Sec. 2255 motion unless the petitioner can demonstrate cause for the procedural default as well as actual prejudice from the alleged constitutional violation. Belford, 975 F.2d at 313.
 
 
 8
 Accordingly, we modify the district court's denial of Martin's motion to a dismissal for lack of jurisdiction, and AFFIRM. In so ruling, we offer no opinion about Martin's ability to obtain jurisdiction in the district court by filing a petition for relief under Sec. 2255.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement having been filed, the appeal is submitted on the briefs and the record
 
 
 [1]
 Martin did not raise this argument in his "Motion for Production under Title 18 U.S.C. Sec. 3500" before the district court
 
 
 [2]
 Martin neither describes these effort nor states when they took place. We note, moreover, that the record before us does not contain any transcripts or documents from the underlying trial
 
 
 [3]
 The circumstances under which courts will allow defendants to use Sec. 2255 to attack Jencks Act violations varies. In Krilich v. United States, 502 F.2d 680, (7th Cir.1974), cert. denied, 420 U.S. 992 (1975), for instance, we permitted a petitioner convicted of income tax evasion to bring a Sec. 2255 motion based on his claim that, during trial, he had been denied access to a report prepared by a special agent of the Internal Revenue Service who testified on behalf of the government. We noted that the issue of whether petitioner was entitled under the Jencks Act to a copy of the report was of constitutional proportions: "the failure to provide material to which the defense is entitled under the Jencks Act may adversely affect a defendant's ability to cross-examine government witnesses and thereby infringe upon his constitutional right of confrontation." Id. at 682; see also United States v. White, 342 F.2d 379 (4th Cir.), cert. denied, 382 U.S. 871 (1965); cf. Beavers v. United States, 351 F.2d 507, 509 (9th Cir.1965) (Jencks Act actions not applicable to collateral proceedings such as Sec. 2255 "in which errors in procedure on the initial trial of the case are not open for review")