### John Wesley BATTISTE, Appellant,

v.

### UNITED STATES of America, Appellee.

### No. 25704.

United States Court of Appeals, Fifth Circuit.

June 29, 1970.

Howard Moore, Jr., Peter E. Rindskopf, Atlanta, Ga., for appellant.

Charles B. Lewis, Jr., Asst. U. S. Atty., Atlanta, Ga., for appellee.

Before WISDOM, THORNBERRY and GOLDBERG, Circuit Judges.

PER CURIAM.

In an earlier opinion, Battiste v. United States, 5th Cir. 1969, 409 F.2d 910, this Court affirmed appellant's conviction for refusal to submit to induction into the armed forces. Subsequently, the Supreme Court decided Gutknecht v. United States, 1970, 396 U.S. 295, 90 S.Ct. 506, 24 L.Ed.2d 532, which holds that Selective Service regulations providing for acceleration of induction because of delinquency status are illegal. In light of *Gutknecht*, the Supreme

Court vacated the judgment of this Court in the case at bar and remanded it for reconsideration. After requesting additional briefs and studying the case carefully, we find *Gutknecht* controlling and accordingly reverse appellant's conviction.

The chronology of the case is recited in our earlier opinion, and we need not repeat it here. Pared to the essentials, the facts are these: Appellant failed to appear in response to an order to make himself available for a physical examination. Because of this failure, his local board declared him a delinquent. The board then sent him an order to report for induction. A cover letter that accompanied the order explained that it was based upon appellant's delinquency status. Shortly after the board sent this order, appellant notified the board that he was a father and requested a deferment on that ground. The clerk of the board dealt with his request in an expeditious manner: She simply withheld it from the board because of appellant's delinquency status. Subsequently, appellant refused induction and was convicted for so refusing.

■■■ On the prior appeal to this Court, we decided that the clerk could not lawfully refuse to refer appellant's letter to the board on the basis of his delinquency status. Delinquents as well as nondelinquents have the right to request reclassification. However, we decided that the clerk's failure to present the letter to the board could not have prejudiced appellant because there was an independent reason why he could not be reclassified. A board cannot ordinarily reopen a registrant's classification pursuant to a request that is received after the board has sent the registrant a valid order to report for induction. This holding retains its vitality even after *Gutknecht*. But *Gutknecht* does affect our case in that it bears upon the threshold question whether the induction order sent appellant was valid. It is this question that the Supreme Court has directed us to reconsider.

■■■ *Gutknecht* requires us to hold the induction order invalid if it was accelerated because of appellant's delinquency status. The Government seems to admit this legal proposition, but it argues that since appellant was twenty-four years of age when called, his induction was not in fact accelerated, and it asserts that a new hearing is required to determine this issue. It bases this argument upon the Supreme Court's observation that "it is unlikely that [*Gutknecht*], who was 20 years of age when ordered to report for induction, would have been called at such an early age had he not been declared a delinquent." We must decline to remand this criminal case to allow the Government to prove such a tenuous proposition. It is unequivocally clear that the induction order was based not upon the normal sequence of call but upon appellant's delinquency status. The regulations provide that delinquents are to be called first, before nondelinquent draftees and even before volunteers. We think it unlikely that the induction order would have preceded the request for deferment if it had not been based upon appellant's delinquency, since the intervening period was only two months. But even if this were not so, we would hold the induction order invalid. It is expressly based upon a regulation that the Supreme Court held illegal in *Gutknecht*, and we cannot nullify the clear holding of that Court on the basis of isolated observations in the opinion.

Reversed.