**The UNITED STATES**

v.

**Cleveland Louis SELLERS, Jr.**

**Crim. No. 25192.**

United States District Court, N. D. Georgia, Atlanta Division.

July 13, 1970.

See, also, D.C., 315 F.Supp. 1022.

———◆———

John W. Stokes, U. S. Atty., and Julian M. Longley, Asst. U. S. Atty., Atlanta, Ga., for plaintiff.

Howard T. Moore, Jr., Atlanta, Ga., for defendant.

ORDER

EDENFIELD, District Judge.

This case is now before the court upon defendant's motion to dismiss the indictment upon which he was convicted, which charged him with failure to obey the order of his Selective Service Board to report for induction. Defendant appealed and his case subsequently was remanded to this court for a determination as to whether the conviction was obtained by the use of tainted evidence, in light of Alderman v. United States, 394 U.S. 165, 89 S.Ct. 961, 22 L.Ed.2d 176 (1969). Defendant has now moved to dismiss the indictment on the ground that his induction was unlawfully accelerated because his local board declared him a delinquent after he failed to report for a physical examination. Defendant cites as authority for his motion Gutknecht v. United States, 396 U.S. 295, 90 S.Ct. 506, 24 L.Ed.2d 532 (1970).

The government's response shows that after defendant twice failed to report for

physical examination as ordered by his South Carolina draft board in the summer of 1966, he was declared delinquent pursuant to 32 C.F.R. 1642.4; a notice of delinquency was mailed to him by that board on January 19, 1967 and on February 3, 1967, the South Carolina board ordered him to report on February 14, 1967, for induction as a delinquent. He failed to appear. Subsequently, he was reordered to report for induction—this time by Transfer Board No. 61, Atlanta, Georgia. Sellers reported on May 1st as ordered but refused to submit to induction. The government takes the position that, unlike the February order to report, the May induction order which he is charged with violating was not an accelerated one and that Sellers therefore is not entitled to relief under *Gutknecht*.

Defendant, on the other hand, apparently takes the view that if a registrant has *ever* been declared delinquent he may, on the basis of *Gutknecht*, refuse to obey any subsequent order to report even if the delinquency declaration did not deprive him of his previous standing in the order of call and apparently even if the order to report was not related to the delinquency declaration in any way. We reject that contention as an overly broad reading of the Supreme Court's holding in *Gutknecht*, and the case will be set down for hearing on the question of whether defendant's induction was unlawfully accelerated by the declaration of delinquency. In so doing we note that Battiste v. United States, 428 F.2d 801 (5th Cir., 1970), does not require otherwise. In that case the Fifth Circuit concluded that a hearing was not necessary to determine whether Battiste's induction order was accelerated because of his delinquency status in view of the fact that the induction order was *expressly based upon* his delinquency status. The record in the instant case makes no such showing and a hearing on that point is therefore necessary.

It is so ordered.