**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Richard Allen GUYMON, Defendant-Appellant.**

**No. 25220.**

United States Court of Appeals, Ninth Circuit.

Feb. 5, 1971.

Ron Bain (argued), Los Angeles, Cal., for appellant.

David Fox (argued), Asst. U. S. Atty., Robert L. Meyer, U. S. Atty., David R. Nissen, Chief, Crim. Div., Los Angeles, Cal., for appellee.

Before BROWNING, ELY, and HUF-STEDLER, Circuit Judges.

PER CURIAM:

Appellant, Richard Guymon, was convicted of violating 50 App.U.S.C. § 462 (failure to perform a duty required of him under the Selective Service Act).

Guymon's Board denied his claim for classification as a conscientious objector without any basis in fact supporting the denial. Guymon appealed the resulting I-A classification, and his appeal was rejected by a vote of two to one. The notice of rejection of his appeal was sent to Guymon on July 17, 1968. The dissenting vote on the Appeal Board gave him a right to appeal to the President pursuant to 32 C.F.R. § 1627.3. Because Guymon did not avail himself of an appeal to the President, the Government argues that he failed to exhaust his administrative remedies and that he is thereby foreclosed from raising the error in his classification as a defense to his prosecution for failing to report for induction.[1] We do not reach the exhaustion issue, because we hold that the notice of induction was void.

The dissenting vote on the Appeal Board not only gave Guymon thirty days within which to take an appeal to the President, but also stripped his local Board of the power to send him a notice of induction until the thirty days had run. (32 C.F.R. § 1627.8.) The Board sent him a notice to report for induction on July 31, 1968, before the expiration of the thirty-day period. Guymon did not report on the specified date, and his file was sent to the United States Attorney who later returned it with the suggestion that Guymon be informed of his continuing duty to report and be given a new date to do so. Guymon was accordingly notified on April 15, 1969. Guymon's conviction was based upon his failure to report for induction on the date specified in the April 15th notice. Guymon was never under a duty to report, continuing or otherwise. The original order to report was void *ab initio*. (United States v. Zablen, 436 F.2d 1075 (9th Cir. 1971) filed Jan. 11, 1971.) The order of April 15 did not purport to impose any duty upon him; it merely referred to the void order. The second notice was an administrative aid to processing Guymon. It was not an independent order to report for induction. (*Cf.* United States v. Anderson (E.D.N.Y.1969) 2 SSLR 3266.) The second order was also void.

The judgment is reversed and the cause is remanded to the district court with direction to dismiss the indictment.

---

1. We observe in passing that there is substance to Guymon's argument that the Government failed to prove that he did not report for induction. The sole evidence to support that element of the offense was an entry in Guymon's Selective Service file, dated May 1969, "PAPERS RET – FLD/RPT – File fwd southern area hdqtrs." There was no testimony translating that cryptic entry. This entry, like many others that appear in Selective Service files, more resembles a sequel to *Finnegan's Wake* than a legal document. Proof beyond a reasonable doubt surely requires more than a semieducated guess about what the Board did.