UNITED STATES of America,
Plaintiff-Appellee,

v.

Stanley Albert KOHLS, Defendant-
Appellant.

No. 25527.

United States Court of Appeals,
Ninth Circuit.

May 5, 1971.

David M. Rothman (argued), Los Angeles, Cal., for appellant.

Michael J. Lightfoot (argued), Asst. U. S. Atty., David R. Nissen, Chief, Crim. Div., Robert L. Meyer, U. S. Atty., Los Angeles, Cal., for appellee.

Before MERRILL, DUNIWAY and ELY, Circuit Judges.

DUNIWAY, Circuit Judge:

Kohls was convicted of failure to submit to an armed forces physical examination as ordered and refusal to be inducted into the armed forces, both violations of 50 U.S.C. App. § 462(a). We affirm the conviction on the first charge and reverse it on the second.

In August, 1966, Kohls' draft board classified him II–S, until June, 1967. Kohls appealed, stating that he could not conscientiously accept a deferment which discriminated against the poor, and requesting that he be classified I–O. He was granted a personal appearance, following which the board retained him in class II–S. In October, 1966, Kohls appealed. However, he was never afforded the appeal requested.

In June, 1967, the board ordered Kohls to report for a physical examination on July 14, 1967. He reported and was found "not presently acceptable for induction."

On March 29, 1968, Kohls was ordered to report for a second physical examination on April 12. On April 2 the board classified him I–A and sent him notice of the classification and of his right to appeal. Kohls reported for his physical examination on April 12 but refused to submit to processing. On August 6, the board ordered him to return and complete processing on August 13. He reported on that date but refused to be examined. He did not appeal his April 2 classification as I–A.

On October 1, 1968, the board declared Kohls delinquent for failure to complete the August 13 physical examination and ordered him to report for immediate induction on November 5. At the induction station Kohls' refusal to cooperate rendered his induction impossible.

1. *Refusal to be Inducted.*

Because Kohls was processed for induction as a "delinquent" for failure to complete his physical examination, his conviction for refusing induction (Count II of the indictment) must be reversed. Gutknecht v. United States, 1970, 396 U.S. 295, 90 S.Ct. 506, 24 L.Ed.2d 532; United States v. Supina, 9 Cir., 1970, 428 F.2d 1226; United States v. Stow, 9 Cir., 1970, 427 F.2d 891.

2. *Failure to Submit to Physical Examination.*

a. *Validity of the board's order.*

Kohls argues that the board's failure to afford him the appeal requested in October, 1966, deprived it of jurisdiction to issue a valid physical examination order. We think not. We assume that Kohls could waive his right to a II–S classification, thus bringing his claim to a I–O classification before the board, and that therefore his appeal should have been processed in due course.[1] But until the II–S classification expired in June, 1967, Kohls was effectively exempted from service. He thus suffered no prejudice from the failure of the board to honor his appeal.

When the II–S classification expired, it became the board's duty to reclassify Kohls. It delayed doing so until April, 1968. Again, however, Kohls was not prejudiced. He remained exempt until reclassified.

When Kohls was classified I–A by the board, all of the registrant's rights arising from a new classification attached. He could have renewed his claim to a I–

---

[1] We do not decide this question because it is unnecessary for us to do so in this case. The record before the board did show that Kohls was eligible for a II–S classification, and the applicable regulation, 32 C.F.R. § 1623.2 can be construed to permit the board to place him in that class even though he objects. Cf. United States v. Bornemann, 2 Cir., 1970, 424 F.2d 1343, 1347. On the other hand, the general rule is that exemption from military service is a right personal to the registrant, one which he must claim, and one which he may waive. See United States v. Irons, 6 Cir., 1966, 369 F.2d 557; United States v. Schoebel, 7 Cir., 1953, 201 F.2d 31. Whether a board must honor a waiver, or may do so in its discretion, we leave to another case.

O classification by a simple reference to the information already on file. He could have supplied additional information. He did not do so, nor did he appeal his I–A classification.[2] He did nothing at all about the I–A classification. There was thus a clear failure on his part to exhaust his administrative remedies. Under these circumstances the board's physical examination order was valid and Kohls was obliged to obey it.[3] He does not claim that, if he was properly classified I–A, he could not be ordered to report for a physical examination. Nor would such a claim be valid if made.

b. *Failure of the board to classify Kohls I–Y.*

■ Kohls argues that the board was required to reclassify him I–Y after he was found physically unqualified at his July 14, 1967, physical examination and that the failure of the board to do so deprived him of the right of appeal provided by 32 C.F.R. §§ 1625.11–.13.

32 C.F.R. § 1622.17 provides:

"In Class I–Y shall be placed any registrant who * * * is not eligible for a lower class, and would be classified in Class I–A, Class I–A–O, or Class I–O but for the fact that he is found under applicable physical, mental and moral standards to be not cur-

rently qualified for service in the Armed Forces. * * *"

Kohls' Form DD 62, Statement of Acceptability, dated July 14, 1967, does not state that the Examining Station finally found him not qualified. Had the Examining Station desired to indicate such a result, it would have checked box "2. Found not acceptable for induction under current standards." Instead, the Examining Station stamped on the form the remark, "Induction is held in abeyance, not presently acceptable for induction." The clear implication is that Kohls' physical acceptability had not yet been finally determined. Under such circumstances the board was not required to reopen Kohls' classification. United States v. McKinney, 6 Cir., 1970, 427 F.2d 449, 454–455; United States v. Delfin, 2 Cir., 1969, 419 F.2d 226, 229.

■ Kohls next cites a State Director's Memorandum, dated August 24, 1962, which states that "[r]egistrants rejected on the basis of temporary defects where the examining station believes re-examination justified after more than 120 days should be reclassified I–Y." The July 14, 1967, DD 62 form does not indicate when re-examination was believed justified. In fact, Kohls was not ordered for re-examination until some eight months later. Whether or not the Memorandum can be

2. If Kohls had appealed, he could have argued that the board was under a duty again to consider his I–O claim without any action on his part. See the discussion of Local Board Memorandum No. 41 in United States v. Lloyd, 9 Cir., 1970, 431 F.2d 160, 167. However, he might then have been faced with a claim that he had specifically withdrawn his I–O claim. The board, when it reclassified Kohls I–A in April, 1968, had twice received communications from him in writing, one in October, 1967, and one in March, 1968, the first stating that "I no longer am able to persue [sic] my claim for conscientious objector status," the second stating "I will not accept any deferrments [sic] or exemptions."

Because Kohls did nothing about his I–A classification, we need not, and do not, decide these questions.

3. It is possible to construe the Board's order to report "to complete processing"

on August 13 as an "administrative aid to processing" Kohls, the validity of which would depend on the validity of the initial order to report for a physical examination on April 12. Cf. United States v. Guymon, 438 F.2d 634, 1971, 9 Cir. However, in the circumstances here present, this line of reasoning would avail Kohls nothing. He could only attack the April 12th order on the ground that he had been erroneously classified I–A on April 2 and that he was entitled to a I–O classification on that date. See United States v. Hayden, (9 Cir., April 9, 1971). In this case, however, unlike *Hayden*, there are no special circumstances which excuse the registrant's failure to exhaust his administrative remedies within the Selective Service System. Accordingly, we cannot review the merits of the April 2 classification decision and must presume the validity of the physical examination order of April 12.

read to apply in these circumstances, it is directory only; the board was not required to follow it.

Even if we assume that Kohls was entitled to be classified I–Y, the failure of the board so to classify him is not a defense to a prosecution for failure to submit to a physical examination. Had the board classified Kohls I–Y, it still could have ordered him to submit to re-examination in the performance of its duty to keep informed of the status of classified registrants. See 32 C.F.R. § 1625.1(c).

The judgment of conviction on Count II is reversed. The judgment of conviction on Count I is affirmed. The sentence on Count I is vacated and the case is remanded to the District Court with instructions to dismiss Count II and for resentencing under Count I. See Peet v. United States, 1970, 399 U.S. 523, 90 S. Ct. 2258, 26 L.Ed.2d 783.