UNITED STATES of America,
Appellee,

v.

Allen Herbert DRURY, Appellant.

No. 71-1498.

United States Court of Appeals,
Tenth Circuit.

May 15, 1972.

Peter H. Holme, Jr., Denver, Colo. (Holme, Roberts & Owen, and Brian D. Fitzgerald, Denver, Colo., with him on the brief), for appellant.

Gordon L. Allott, Jr., First U. S. Atty. (James L. Treece, U. S. Atty., with him on the brief), for appellee.

Before SETH and McWILLIAMS, Circuit Judges, and CHRISTENSEN, District Judge.

SETH, Circuit Judge.

This is an appeal from a conviction of failure to report and submit to induction under the Selective Service Act in violation of 50 U.S.C. App. § 462(a).

The appellant, a Canadian citizen, entered the United States in 1963 in order to complete his education as a geologist. At that time he registered under the immigration laws as an alien. In May 1967, appellant learned for the first time that he should have registered for the draft. He discussed the matter with the Selective Service officials in Madison, Wisconsin, where he was then attending school. Appellant soon thereafter went to Aspen, Colorado, where he worked during school vacations and there registered with the Local Board on May 23, 1967.

On September 5, 1967, an official of the Colorado State Selective Service Headquarters wrote to the United States Attorney, reporting that appellant had

been delinquent in registering, and was then over twenty-six years of age. On April 5, 1968, the State Selective Service wrote to the Aspen Board and explained that the United States Attorney would decline prosecution provided appellant would sign a "consent to induction" and then submit to immediate induction. The Board was thereby instructed to declare the registrant delinquent, provide him with an opportunity to sign a consent to be inducted, which recited that by consenting he would not be prosecuted, and to order his immediate induction as a delinquent.

On April 17, 1968, there was mailed by the Aspen Board to appellant a notice of his I–A delinquent classification, and a consent to induction to be signed and returned. This consent stated:

"I hereby consent to be inducted into the armed forces of the United States of America. I understand that by consenting to induction I will not be prosecuted in the Federal District Court for failure to register with the Selective Service System within six months of my entry into the United States of America."

There was also enclosed advice of his right to appeal. No mention was made of immediate induction. After being advised by the Madison Board, where he was then back at school, that he should comply with the request, but that he could appeal his classification, appellant signed the statement and mailed the papers with an accompanying letter to the Aspen Board expressing his concern and noting the fact that he anticipated graduation the following month. On May 14, 1968, one week later and within thirty days of his I–A classification, appellant mailed to the Aspen Board notice of appeal of his I–A classification. The letter was not received by the Board until May 21, 1968. The record shows however that some six days earlier (on May 15, 1968), the appellant had been mailed an order by the Aspen Board to report for induction on June 12, 1968, in Aspen. After receiving this notice, appellant reminded the Colorado Board of his

appeal, noting that he had been advised of that right by the Madison Board. The Colorado State Headquarters replied by explaining in effect that if he appealed, the consent statement would be void by implication, and he would be prosecuted. The Aspen Board on May 21st wrote the appellant there was no ground for a deferment, and "required" him to request a transfer to the Madison Board immediately and to report for induction.

On June 6, 1968, appellant transferred to the Madison Board as "required." In early July appellant returned to Canada and informed both boards of his intention to pursue his graduate studies there, and giving his address. On July 8, 1968, the Madison Board ordered appellant to report for induction on July 24, 1968. However, on July 18, 1968, the Aspen Board, pursuant to the directions of the Colorado State Headquarters, reopened appellant's file and reclassified him IV–C, and removed him from the delinquency status.

Appellant argues that the orders to report for induction were void, that the Board's denial of his right to appeal his classification precludes prosecution for failure to report, and that he did not waive his rights by signing the consent to induction. The Government argues that the induction orders were valid, that appellant's appeal was untimely, and that any procedural rights appellant may have had were waived by the consent statement.

The trial court decided the case on the question of whether the consent to be inducted was a waiver of appellant's right to appeal his classification. The court concluded that the consent was a knowing and voluntary waiver of the right to appeal and was executed with the understanding that actual induction would be a mere formality.

Under the record before us, it is apparent that the order to report for induction issued by the Aspen Board on May 15, 1968, aside from any waiver considerations, was void since it issued before the time for an appeal of appel-

lant's classification had run (32 C.F.R. § 1626.41). United States v. Guymon, 438 F.2d 634 (9th Cir.). It would also appear that the Aspen order to report was issued at the same time the registrant was declared a delinquent. Gutknecht v. United States, 396 U.S. 295, 90 S.Ct. 506, 24 L.Ed.2d 532; United States v. Williams, 421 F.2d 600 (10th Cir.). Thus at the time of transfer from the Aspen Board to the Madison Board there was outstanding no valid order to report for induction. It further appears that the Madison Board's order directing appellant to report on July 24, 1968, could only have been based on the order of the Aspen Board, and thus it must fail also. The record shows that the Aspen Board on July 18, 1968, which was several days before the reporting date under the Madison order, reopened appellant's classification and reclassified him IV–C. Thus he was reclassified before his reporting date, and this again would have voided the order to report had it been then effective. There had then been no failure on appellant's part to comply with any valid order to report.

■ What then of the waiver found by the trial court to have arisen from the consent to induction? Under this fact situation this question of waiver appears to be a novel one. "Consent to induction" is mentioned in the Selective Service Regulations only at 32 C.F.R. § 1622.50(a) (3). There provision is made that all registrants who have reached twenty-six years of age shall be classified noneligible, except "those who have consented to induction." The term in the regulations is thus used only in such reference. The appellant was more than twenty-six years of age at the pertinent time. There is reference in the record showing that appellant's age was called to the attention of the United States Attorney when the matter of delinquency was being considered. The intended use under the regulations of a "consent to induction" is of significance. The record also shows that the appellant received at the same time by mail from the Aspen Board several documents including the notice of classification, the form of consent for induction, and in these forms among other things was advice of his right to appeal his classification. Considering this advice and the verbal advice from the Madison Board that he could appeal, it is difficult to find that the consent to induction, quoted above, was to be a waiver of his right to appeal or to any defects in the procedures although the consent form was submitted under a choice of being prosecuted or being inducted. Under these circumstances, we must hold that the execution of the consent did not constitute a waiver of the right to appeal nor of anything else except the matter of age. There was no explanation made to appellant at any time that the consent to induction form had any of the waiver consequences now urged by the Government. The intent of the United States Attorney in directing the procedure is not revealed. The waiver of such an important right cannot rest on such foundations. Bradley v. United States, 262 F.2d 679 (10th Cir.).

The finding of the trial court that the appellant executed the consent statement "with the intent that he be inducted into the Armed Forces . . . without further proceedings . . . , other than formal proceedings for induction," is not supported by the record. Consequently, we must conclude that appellant did not waive his right to appeal. The Regulations expressly provide for an appeal for a person in appellant's position, Wills v. United States, 384 F.2d 943 (9th Cir.); and in no way do we find that procedural right to have been diminished. In reply to the Government's contention that appellant's appeal was untimely, we note that timely filing was conceded at trial.

Thus we conclude that both orders to report for induction were void and therefore could not have afforded the basis of a violation under section 462(a). Chih Chung Tung v. United States, 142 F.2d 919 (1st Cir. 1944); United States v. Olkowski, 248 F.Supp. 660 (W.D.Wis.1965).

Reversed.