**UNITED STATES of America,**
**Plaintiff,**

v.

**Charles William POCZIK, Defendant.**
**Crim. No. 1971–189.**

United States District Court,
W. D. New York.
Aug. 7, 1973.

John T. Elfvin, U. S. Atty., Buffalo, N. Y. (Richard Arcara, Asst. U. S. Atty., Buffalo, N. Y., of counsel), for the Government.

Lipsitz, Green, Fahringer, Roll, Schuller & James, Buffalo, N. Y. (Carmin R. Putrino, Buffalo, N. Y., of counsel), for defendant.

CURTIN, District Judge.

This case is a prosecution for willful refusal to submit to induction into the Armed Forces, in violation of 50 App. U.S.C. § 462(a). By a "Motion to Dismiss Indictment", the defendant Charles William Poczik has raised several defenses relating to his classification and processing. Because these defenses involve questions of law for the court rather than questions of fact for the jury, they are "capable of determination without the trial of the general issue", Fed.R.Crim.P. 12(b)(1), and may be raised and considered before trial. *See* United States v. Ponto, 454 F.2d 657, 663 (7th Cir. 1971). *Cf.* United States v. Strayhorn, 471 F.2d 661, 664–665 (2d Cir. 1972).

One of the defenses raised in Poczik's motion is that his board, Local Board No. 88, erred in not considering his eligibility for a deferment based upon physical disqualification for service in the Armed Forces. The following facts relating to this defense are revealed by Poczik's Selective Service file.

On September 12, 1968 Local Board No. 88 sent Poczik a Current Information Questionnaire SSS Form No. 127. On September 22, 1968 he returned the

completed form, on which he claimed that an "arm defect" described as "osteochondritis dissectus" disqualified him from military service. He did not attach a physician's statement attesting to the condition but stated that he would send it when he obtained it.

On October 23, 1968 Local Board No. 88 sent Poczik a Notice of Classification, SSS Form No. 110, which changed his classification from II–S to Class I–A. To no avail, Poczik appealed the reclassification to the Appeal Board for the Western District of New York.

On May 26, 1969 Local Board No. 88 sent Poczik an Order to Report for Armed Forces Physical Examination, SSS Form No. 223, which scheduled the examination for June 25, 1969. Poczik failed to appear for the examination and on August 13, 1969 the board sent him a Delinquency Notice, SSS Form No. 304, notifying him that on August 12, 1969 he had been declared a delinquent.

On September 29, 1969 Local Board No. 88 sent to Poczik at his local address an Order to Report for Induction, SSS Form No. 252 setting his induction into the Armed Forces as a delinquent for October 27, 1969. On October 10, 1969 the order was returned with an accompanying letter from Poczik's brother, which stated that by mistake he had opened the envelope containing the order and that the order could not be forwarded because Poczik's current address was unknown.

On October 23, 1969 Local Board No. 88 received from Poczik a letter dated October 20, 1969 with a return address in San Francisco, California. The letter read in part as follows:

I have just been in contact with my brother, who informed me that an induction notice, addressed to myself, was delivered to him. I have been outside of the United States since June and have not been aware of what has been happening in regard to my draft status.

I assume that I have missed a preinduction physical and for that reason have been ordered to induction. I wish to request that I be allowed to take a pre-induction physical at the earliest time possible. I have substantial medical reasons to be deferred from service.

The same day an employee of the board prepared a Report of Oral Information, SSS Form No. 119, which stated as follows:

Contacted the local board members and they feel that the registrant is not entitled to a physical examination and that if something is wrong with him medically, that the authorities would check him when he goes for induction. He is to report for induction as ordered.

By letter dated the same day, Poczik was sent the Order to Report for Induction which had been sent him earlier, told that he could apply for a transfer of induction and informed that "[i]f you have any medical statements you wish to have evaluated, kindly take same with you when you report for induction."

On October 27, 1969 Poczik filled out a Transfer for Armed Forces Physical Examination on Induction, SSS Form No. 230, seeking to transfer his induction to Local Board No. 45 in San Francisco. On January 8, 1970 Local Board No. 45 sent Poczik an Order For Transferred Man to Report for Induction, SSS Form No. 253, scheduling his induction for January 20, 1970.

On January 20, 1970 Poczik appeared for induction and was given a physical examination, at which he presented several letters from physicians describing the medical history and condition of his right elbow.[1] At the conclusion of the

___

1. One letter read as follows:
   This is to inform you that Charles Poczik was treated by me in October of 1965 with complaints of intermittent locking of his elbow and cramping of his arm.

Xrays demonstrated an osteochondritis dissecans of the elbow joint with a loose body. He was admitted to St. Joseph's Intercommunity Hospital and an arthrotomy of the elbow joint was per-

examination Poczik was determined to be temporarily unfit for military service pending an orthopedic consultation. On February 2, 1970 he was sent "USARCE Form Letter 23–R", telling him to report on February 24, 1970 for further evaluation by a specialist to determine his acceptability for induction.

The February 24 consultation was never held, however, for on January 27, 1970 Local Board No. 88 sent to Local Board No. 45 a letter which referred to Poczik's status as a delinquent, and then stated as follows:

. If the registrant has not yet been ordered, by your local board, to report for Induction or if his Induction is still outstanding, kindly cancel same and return his papers to this local board, completed.

Poczik's papers were returned to Local Board No. 88 on February 16, 1970. On February 25 the board sent him a letter indicating that his Order to Report for Induction was cancelled.

On June 22, 1970 Local Board No. 88 sent Poczik another Order to Report for Armed Forces Physical Examination, which set the examination for July 22, 1970. Poczik did not appear for the examination.

On September 2, 1970 Local Board No. 88 sent a letter informing Poczik that " . . . after reviewing your file on September 1, 1970, it was the determination of the local board to have your delinquency removed." The next day the board sent Poczik another Order to Report for Induction, which scheduled induction for September 14, 1970. Poczik

did not report for induction on September 14, but he did visit the board's offices, where he filled out a Report of Oral Information, which stated as follows:

In regards to missing physicals, I was traveling at the times that the letters arrived and was unable to know that I was to report. I complied with an induction order of January 22nd, 1970 and undertook a physical at the Oakland Induction Center, in California. Local Board 88 sent a letter, which I received, stating that my induction had been postponed. Recieving [sic] no more information for four months, I began travelling again. The recent letter from Board 88 have [sic] just reached me at [my local] address from a friend in San Francisco.

On the same date an employee of the board filled out a Report of Oral Information, which read in part as follows:

[Registrant] was asked why he did not report for his physical examinations and stated that he was ordered at the time when he was not in contact with the board. . . . He then requested a physical examination and was told that he is considered acceptable and that he would have a physical at such time as he is ordered for induction. He then stated he had a physical defect and was told to submit a medical statement.

On September 15, 1970 Local Board No. 88 issued Poczik a Postponement of Induction, SSS Form No. 264, which postponed his induction pending further review by the board.

formed with removal of the loose pieces of bone. His postoperative course was uneventful. When he was last examined on August 9, 1966 there was mild restriction of elbow extension. I have not seen him since that time, but would presume that he would have a mild permanent partial disability involving his elbow.

A second states:

[Poczik] was operated upon elsewhere in June of 1966 for an osteochondritis dissecans of the right elbow in which four loose bodies were excised. He has complained of pain in the arm, chiefly cen-

tered at the elbow aggravated by pushing, pulling, etc.

On examination he presents a healed scar over the lateral aspect of the elbow. The head of the radius is abnormally prominent. Extension lacks 5°. He has full flexion, full pronation and supination. There is tenderness over the lateral aspect of the elbow.

Xrays show the head of the radius to be enlarged. There are no loose bodies.

In my opinion the condition described above is permanent in nature.

On October 21, 1970 an employee of Local Board No. 88 filled out a Report of Information, which stated in part as follows:

Registrant came into the local board. . . . Registrant was informed that he would be re-ordered for induction with the first date available in November. He then stated he submitted a medical statement. He was told that the local board has not received the medical statement, yet, and that it would be forwarded to the station when he is scheduled for induction and reviewed at that time since he would have a physical examination on his induction date. Registrant mailed the medical statement yesterday.

On October 22, 1970 the board received with an accompanying letter from Poczik the medical statement referred to in the October 21 Report of Information.[2]

On October 23, 1970 the board sent Poczik a form designated "LO–24", setting his induction for November 4, 1970. On the latter date Poczik reported to the Armed Forces Examining and Entrance Station but refused to submit to induction.

Each of the regulations of the Selective Service System in effect during the period Poczik's case was before Local Board No. 88 is potentially applicable to a registrant's claim that he is physically disqualified for service in the Armed Forces. The first, 32 C.F.R. § 1625.2, is general in nature and provides in pertinent part as follows:

The local board may reopen and consider anew the classification of a registrant . . . upon the written request of the registrant . . . if such request is accompanied by written information presenting facts not considered when the registrant was classified, which, if true, would justify a change in the registrant's classification . . ., provided . . . the classification of a registrant shall not be reopened after the local board has mailed to such registrant an Order to Report for Induction (SSS Form No. 252) . . . unless the local board specifically finds there has been a change in the registrant's status resulting from circumstances over which the registrant had no control.

Although the language of 32 C.F.R. § 1625.2 is permissive, a board may not arbitrarily refuse to reopen a registrant's classification. Rather, as stated in Mulloy v. United States, 398 U.S. 410, 416, 90 S.Ct. 1766, 1771, 26 L. Ed.2d 362 (1970):

[w]here a registrant makes nonfrivolous allegations of facts that have not

2. The statement read as follows:

Mr. Poccrk [sic] was examined in our office on 10–8–70. He injured his left knee on 8–22–70 and had x-rays taken at St. Joseph's Intercommunity Hospital, which were negative. He was treated by Dr. Early in Williamsville for a traumatic hemarthrosis of the left knee, and his treatment included rest and aspiration of the knee on two occasions. On one occasion a good deal of blood was removed. On the second occasion it was serosanguinous fluid which was removed. He saw me to get a further evaluation of this knee.

On physical examination of the knee the patient still carries synovial thickening and a mild effusion. He has a very hypermobile patella, and pain on the patellar compression test. He has some pain along the antero-medial joint line, and mild valgus instability of the knee.

The patient appears to have suffered a dislocation of the patella recently, with a traumatic hemarthrosis, and this is still resolving. I placed him on rest, and he will remain under my care, and will be followed closely by me. I have also ordered special x-ray studies to see if he has any problem with the patello-femoral articulation.

The patient has a past history of osteochondritis dissecans of the right elbow, which was treated surgically by Dr. Cisek. He has some permanent limitation of function of the right elbow secondary to this. He may in fact have an osteochondritis lesion of his patella, but he most definitely does have a subluxing left patella.

He will be seen in followup in three weeks, and is definitely not a candidate for military service at this time.

been previously considered by his board, and that, if true, would be sufficient under regulation or statute to warrant granting the requested reclassification, the board must reopen the registrant's classification unless the truth of these new allegations is conclusively refuted by other reliable information in the registrant's file.

■ The second regulation, pertaining solely to medical claims, is 32 C.F.R. § 1628.2(b), which states in pertinent part as follows:

Whenever a registrant who is in Class I-A claims that he has one or more of the disqualifying defects which appear in [Army Regulation 40–501, a document prepared by the Surgeon General of the Department of the Army which lists medical conditions and physical defects that disqualify registrants from service in the Armed Forces], the local board shall order him to present himself for interview with the medical advisor to the local board at the time and place specified by the local board by mailing to such registrant a Notice to Registrant to Appear for Medical Interview (SSS Form No. 219).

This regulation "clearly gives the registrant who makes a sufficient claim a right to a medical interview," United States v. Chorush, 472 F.2d 917 (2d Cir. 1973) and the right is not lost when the registrant is ordered for a pre-induction physical examination. See Id. at 921.

When Local Board No. 88, in its letter dated October 23, 1969, instructed Poczik to take medical statements supporting his claim for a physical deferment with him when he reported for induction, it deprived him of the right, embodied in 32 C.F.R. §§ 1625.2 and 1628.2(b), to have the claim considered by the Selective Service System. See United States v. D'Arcey, 471 F.2d 880 (9th Cir. 1972); United States v. Miller, 455 F.2d 358 (9th Cir. 1972); United States v. Jackson, 454 F.2d 821 (5th Cir. 1972); United States v. Ford, 431 F.2d 1310 (1st Cir. 1970).

■ The court cannot say that the denial of this right was not prejudicial. First, it is clear that submission of medical information at the Armed Forces Examining and Entrance Station is not a substitute for consideration of the information by the local board. See United States v. D'Arcey, supra, 471 F.2d at 883; United States v. Miller, supra, 455 F.2d at 360; United States v. Jackson, supra, 454 F.2d at 825; United States v. Ford, supra, 431 F.2d at 1313. Cf. United States v. Chorush, supra, 472 F. 2d at 921.

■ Furthermore, assuming the statements Poczik presented when he reported for induction in San Francisco were the statements he would have submitted to Local Board No. 88, it is certainly arguable that they contained a claim sufficient to trigger the right to a medical interview set forth in 32 C.F.R. § 1628.2(b) and facts adequate to compel reopening under 32 C.F.R. § 1625.2.[3]

3. It is clear that the order to report for induction sent to Poczik on September 29, 1969 was based on his status as a delinquent. See 32 C.F.R. §§ 1642.4(a), 1642.13, 1631.7(a). The order was therefore invalid, and the actions of Local Board No. 88 taken subsequent to the mailing of the order must be judged as if the order had never been issued. See Gutknecht v. United States, 396 U.S. 295, 90 S.Ct. 506, 24 L.Ed.2d 532 (1970); United States v. Drury, 459 F.2d 265, 267 (10th Cir. 1972); Battiste v. United States, 428 F.2d 801, 802 (5th Cir. 1970).

Consequently, Poczik's medical claim was not subject to the proviso of 32 C.F.R. § 1625.2 that it reflect "a change in [his] status resulting from circumstances over which [he] had no control."

This point is illustrated by Battiste. In that case the local board declared the registrant to be a delinquent and mailed him an order to report for induction. The registrant then requested reclassification on the ground that since issuance of the order he had married and become a father, but the clerk of the board withheld the request from the board. Subsequently,

There is no rule to the effect that the language used by a registrant in asserting a medical claim must strictly conform to the language used in the applicable provision of Army Regulation 40–501. *See* United States v. Chorush, *supra*, 472 F.2d at 920. Indeed, when the claim is supported by documentation submitted by a physician, "it is best to allow the qualified medical expert to speak in his own words." *Id.* at 920. The statements submitted by Poczik's physicians indicated (1) that in 1966 as a result of his suffering from osteochondritis dissecans there had been performed an arthrotomy which presumably resulted in a mild permanent disability and (2) that in 1969 he was complaining of "pain in the arm, chiefly centered at the elbow, aggravated by pushing, pulling, etc.," a condition considered to be permanent. These diagnoses suggest that in 1969 Poczik was afflicted with, in the language of Paragraph 2–9(c) of Army Regulations 40–501, "[h]ealed disease or injury of . . . elbow . . . with residual weakness or symptoms of such a degree as to preclude satisfactory performance of duty."

Finally, there is no indication that Local Board No. 88's error in not considering Poczik's medical claim was cured by subsequent action of the board. The board never again considered his classification, and even after the return from San Francisco of papers indicating doubt about his medical acceptability for service in the Armed Forces no action was taken within the Selective Service System to review his claim.

Poczik's motion is granted. The Clerk is directed to enter a judgment of acquittal.

So ordered.

the registrant refused induction and was convicted for so refusing. The Court of Appeals affirmed the conviction, holding that, although the clerk could not lawfully refuse to refer the registrant's request to the board, the error was not prejudicial because the registrant's marriage was not a change in his status resulting from circumstances over which he had no control and consequently, the board would have been powerless to reopen his classification. Battiste v. United States, 409 F.2d 910 (5th Cir. 1969). On certiorari, the Supreme Court va-

cated the conviction and remanded for further consideration in light of Gutknecht v. United States, *supra*. Battiste v. United States, 397 U.S. 48, 90 S.Ct. 812, 25 L.Ed.2d 35 (1970). The Court of Appeals then reviewed the conviction reasoning that the clerk's error could no longer be considered nonprejudicial because the accelerated order to report for induction had been invalid and therefore, the local board had had the power to reopen the registrant's classification. Battiste v. United States, *supra*, 428 F.2d at 802.